**David M. DONOVAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–00946–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 17, 2007.

Kenneth P. Mingledorff, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Donald W. Rogers Jr., Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, David M. Donovan, appeals the trial court's judgment revoking his deferred adjudication community supervision and convicting him of aggravated sexual assault of a child. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2006), TEX. PEN.CODE ANN. § 22.021 (Vernon Supp.2006). The trial court assessed punishment at 45 years in prison. *See* TEX. CODE CRIM. PRO. ANN. art. 42.12, § 5(b). In six issues on appeal, appellant contends that: (1) the trial court erred in overruling

his motion to dismiss for lack of jurisdiction; (2) the trial court erred in refusing to allow him to present witnesses in his defense; (3) the trial court judge erred in refusing to recuse herself because she had pre-judged appellant's guilt; (4) he was improperly required to admit guilt in a community supervision treatment program, even though he denied guilt and pleaded *nolo contendere* at trial; (5) the trial court erred in revoking his community supervision based on failure to comply with terms set by a probation officer, rather than a judge; and (6) the evidence is insufficient to prove that appellant had failed to pay court fees.

We conclude that all of appellant's issues relate to the trial court's decision to adjudicate guilt, over which we lack jurisdiction. However, we have jurisdiction to reform the trial court's judgment to conform to the trial court's oral pronouncement of sentence. We reform the judgment and, as reformed, affirm the conviction.[1]

## Background

On February 28, 2002, the trial court placed appellant on five years' deferred adjudication for aggravated sexual assault of a child, after accepting his plea of *nolo contendere*.[2] The conditions of appellant's community supervision included, among other conditions, that he report to a supervision officer, pay various fees, remain within a specified place in Harris County, register as a sex offender, and receive treatment for sex offenders. In September 2003, about 18 months after he was placed on community supervision, the State filed a motion to adjudicate his guilt, alleging that he failed to pay various fees and failed to participate in sex offender treatment. Appellant was released on bond, but failed to appear at his scheduled court setting on December 17, 2003, which resulted in the trial court forfeiting his bond. The State amended its motion to adjudicate by adding a violation for failing to register a change of address with the Harris County Sheriff's Department. With the assistance of Interpol, an international police agency, appellant was located in Jakarta, Indonesia in September 2004. Appellant did not report to a community supervision officer from January 2004 to August 2004, nor did he pay fees for those months.

On April 4, 2005, the State filed a third Motion to Adjudicate Guilt, alleging that appellant (1) failed to report within seven days his intended change of address in December 2003; (2) failed to appear in court in December 2003; (3) failed to pay Supervision and Laboratory Processing Fees and his payment to the Sex Assault Program fund; and (4) failed to participate in Sex Offender Treatment.

On April 27, 2005, at the hearing on the motion to adjudicate guilt, appellant filed a Motion to Dismiss for Lack of Jurisdiction, in which he argued that the trial court lacked jurisdiction both at the time deferred adjudication was imposed and at the hearing to adjudicate guilt because he was not in Harris County at the time of the commission of the aggravated sexual assault of a child. Appellant offered evi-

---

1. The State has filed a motion to dismiss appellant's appeal for want of jurisdiction. That motion is denied.

2. Appellant appealed from the trial court's order placing him on deferred adjudication. In his original appeal, he challenged the trial court's refusal to conduct a motion for new trial hearing on the voluntariness of his plea of nolo contendere that resulted in the deferred adjudication sentence. The Court of Criminal Appeals affirmed appellant's deferred adjudication order in January 2002. *See Donovan v. State*, 68 S.W.3d 633, 638 (Tex.Crim.App.2002).

dence, including written affidavits from witnesses, that purported to show that on the weekend of the sexual assault, he was in Waller County. He asserts that even if he committed the sexual assault, he must have done so in Waller County and the Harris County district court therefore lacked jurisdiction over the original proceeding. The trial court declined to hear any witnesses on the matter of whether appellant was in Waller County on the weekend of the sexual assault, stating that a habeas corpus proceeding was the appropriate way to litigate the matter.

Also on April 27, appellant filed a Motion to Recuse the trial judge, alleging that on 24 occasions prior to the hearing on the motion to adjudicate, the trial court judge made comments indicating that she had prejudged appellant's guilt. Judge Underwood, the Presiding Judge of the Second Administrative Judicial Region, in May 2005, denied appellant's motion to recuse Judge Krocker, the judge that presided over the motion to adjudicate.

On September 30, 2005, the trial court adjudicated appellant's guilt and in open court orally assessed a punishment of confinement for 45 years. The trial court's judgment, however, reflects a sentence of confinement for 40 years. The judgment shows that the trial court found true the violations that appellant failed to register as a sexual offender, failed to report to his probation officer as instructed, and failed to pay supervision fees.

Appellant filed a motion for new trial complaining of the trial court's refusal to hear witnesses that were pertinent to the court's jurisdiction over the case and asserting that the trial court lacked jurisdiction over the case. The trial court denied the motion for new trial.

## Jurisdiction

■ An appeal is available only when the Legislature has authorized that appeal. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim.App.1992). The Legislature has specifically stated that no appeal may be taken from a trial court's determination to adjudicate guilt following a deferred adjudication. *Davis v. State*, 195 S.W.3d 708, 710 (Tex.Crim.App.2006). The Code of Criminal Procedure provides:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (emphasis added).

■ The court of criminal appeals has recognized a limited exception to the Legislature's broad prohibition of appeals where the original judgment imposing deferred adjudication was void, or a "nullity." *See Nix v. State*, 65 S.W.3d 664, 667–68 (Tex.Crim.App.2001). The court stated that a judgment of conviction is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the

record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived. *Id.* at 668. The court stated that this list is very nearly exclusive. *Id.*

■ Appellant's first two issues assert that, because he could not have committed the alleged offense in Harris County, the trial court lacked jurisdiction to place him on community supervision and erred in the hearing on the motion to adjudicate by not allowing him to present evidence as to where he was when the offense was committed. In criminal cases, jurisdiction refers to "the authority or power of a court to try a case," while venue refers to "the place or county where a case may be tried." *Etchieson v. State,* 574 S.W.2d 753, 759 (Tex.Crim.App.1978); *State v. Blankenship,* 170 S.W.3d 676, 681 (Tex.App.-Austin 2005, pet. ref'd). The terms are not interchangeable. *Etchieson,* 574 S.W.2d at 759; *Blankenship,* 170 S.W.3d at 681. Appellant's challenges concerning in which county he was when the sexual assault took place relate to venue, and not to jurisdiction. *See* Tex.Code Crim. Proc. Ann. art. 13.15 (Vernon 2005) (county were offense committed is appropriate venue for sexual assault prosecution); *Etchieson,* 574 S.W.2d at 759. A complaint of improper venue is not included by the court of criminal appeals among the complaints that would render a judgment void. *See Nix,* 65 S.W.3d at 668. Even if appellant were correct that the venue in Harris County was improper because the offense occurred in Waller County, that error would not render the judgment "void." *See id.* Appellant therefore may not attack the propriety of the venue of the original offense in a hearing concerning a motion to adjudicate guilt. *See id.* at 667. We therefore lack jurisdiction to consider issues one and two.

### Appellant's Remaining Claims

■ Appellant in his remaining issues contends that the trial court judge should have been recused,[3] that appellant was improperly required to admit his guilt as part of a community supervision treatment program,[4] that community supervision terms were set by a probation officer and not the judge, and that the State failed to prove that appellant did not pay required fees. These issues relate to the trial court's decision to adjudicate guilt. The Code of Criminal Procedure provides that no appeal lies from a trial court's decision to adjudicate guilt pursuant to article 42.12. *See* Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b); *see also Davis,* 195 S.W.3d at 711 (Legislature has specifically barred appeal from determination to adjudicate). We

---

3. Here, the trial court judge declined to recuse herself, and referred the matter to Judge Underwood, the presiding judge of the Second Administrative Judicial Region, who denied the motion. Appellant does not complain of Judge Underwood's denial, but only of the trial court judge's refusal to recuse herself. In his brief to this Court, appellant states:

> JUDGE KROCKER'S REFUSAL TO RECUSE HERSELF ... AFTER INDICATING THAT SHE HAD PRE-JUDGED THE DEFENDANT'S GUILT OR INNOCENCE PRIOR TO THE HEARING ON

THE MOTION TO ADJUDICATE, IS AN ABUSE OF DISCRETION....

> He concludes his argument on the issue by stating that "Judge Krocker should have agreed to recuse herself as she placed her own impartiality in question...." Appellant has not asserted any challenge to Judge Underwood's ruling, nor has he asserted any complaint relating to the punishment phase of trial. *See* Tex.R.App. P. 33.1 (preservation of complaint on appeal).

4. According to the judgment, the trial court did not revoke the community supervision on this ground.

therefore lack jurisdiction to consider appellant's remaining issues.

### Reformation of Judgment

The State requests that we reform the trial court's judgment to conform with the trial court's oral pronouncement at the hearing. At the culmination of the deferred adjudication hearing, the trial court orally pronounced sentence at 45 years in prison, but the trial court's judgment shows that appellant was sentenced to 40 years in prison.

We have jurisdiction over the pronouncement of sentence that occurs after an adjudication of guilt because, according to the Code of Criminal Procedure, "all proceedings, including ... pronouncement of sentence ... continue as if the adjudication of guilt had not been deferred." *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b). The trial court must pronounce a defendant's sentence orally in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex.Crim.App.2004) (*citing* TEX.CODE CRIM. PROC. art. 42.03 § 1(a) (Vernon 2006)). The written judgment is merely the embodiment of the oral pronouncement. *Id.* When the oral pronouncement and the written judgment conflict, the oral pronouncement controls. *Id.* The record shows that the trial court, in its oral pronouncement, sentenced appellant "to 45 years in the Institutional Division of the Texas Department of Criminal Justice." We therefore reform the written judgment to conform with that oral pronouncement, striking the sentence of confinement for 40 years and replacing it with a sentence of confinement for 45 years.

### Conclusion

We lack jurisdiction over appellant's complaints that pertain to the trial court's decision to adjudicate his guilt. We reform the judgment of the trial court and, as reformed, affirm the conviction.