Opinion issued July 17, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01084-CR

NO. 01-06-01085-CR






JOSEPH TYRONE THOMPSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 1064699 and 1064701






MEMORANDUM OPINION


 In trial court cause number 1064701, (1) a jury convicted appellant, Joseph
Tyrone Thompson, of retaliation, (2) and the trial court assessed his punishment at 20
years imprisonment. In trial court cause number 1064699, (3) a jury convicted appellant
of state jail felony theft (4) and sentenced him to 10 years imprisonment. In one point
of error, raised in both appellate cause numbers, appellant argues that the State's
notice of the convictions to enhance the state jail felony of theft was untimely and
therefore violated his due process rights. (5)

 We modify the judgment in trial court cause number 1064699, appellate cause
number 01-06-01084-CR, and affirm as modified. We affirm the judgment in trial
court cause number 1064701, appellate cause number 01-06-01085-CR.

Facts

 On April 10, 2006, appellant entered a pawn shop in southeast Houston and
stole a gun. In the process of stealing the gun, he struck Charles Nieto, a pawn shop
employee, in the face, causing him to bleed. As appellant fled the store, Nieto
pursued him. They had an altercation, in the store's parking lot, where Nieto kicked
in the window of appellant's car, causing Nieto to cut his foot and ankle. Appellant
eventually fled the scene in his car, but Officer K. Hett later apprehended him. While
in police custody, appellant made several threats against Officer's Hett's life. 

 The State indicted appellant for robbery and retaliation, and both indictments
contained enhancement paragraphs alleging a past conviction for possession of a
weapon by a felon. On October 24, 2006, the State filed a "Notice of Intention to Use
Evidence of Prior Convictions and Extraneous Offenses" with the trial court and
served appellant with a copy. The notice contained a list of appellant's prior
convictions, (6) and the State informed the trial court and appellant that it "intend[ed]
to offer evidence of [p]rior [c]onvictions and [e]xtraneous [o]ffenses of [the]
Defendant to impeach testimony and/or enhance the range of punishment." The day
before trial, appellant stipulated to the list of prior convictions contained in the notice. 
After a jury trial on retaliation and robbery charges, the jury found appellant guilty
of retaliation and the lesser-included offense of state jail felony theft. 

 Because the jury convicted appellant of the lesser-included offense of state jail
felony theft, instead of robbery, the enhancement paragraph in the original indictment
for robbery could not be used to enhance the offense. (7) See Tex. Penal Code Ann.
§ 12.42(a)(1), (2), (3) (Vernon Supp. 2007). Therefore, at the beginning of the
punishment hearing, the State informed the trial court that it wished to enhance
appellant's punishment as a state jail felony habitual offender. The State asserted
appellant's punishment could be enhanced with two prior state convictions, (8) which
were listed in the October 24 notice provided to appellant and filed with the trial
court. Appellant's trial counsel acknowledged that he had received the notice, but
made the following objection:

 Doebbler: I have received it. And, Judge, responding to that, this case
that they produced on Mr. Brooks, it said that prior
convictions used for sentencing enhancement must be pled
in some form, whether the indictment or notice, but they
not need be pled in the indictment, although that's the
preferable way, is to plead in the indictment. They did
plead in the indictment one enhancement, and that's all
they pled in the indictment. 


 . . . 


 And although that notice does say for extraneous offenses,
offenses and/or for enhancement purposes, I would object,
number one, to it being used for enhancement purposes for
an additional reason, that number one, it was not pled in
the indictment. Number two, that they didn't officially
plead it to me in writing, other than give me notice. And
they did give me notice of that. There's no doubt about
that. And I did receive that. And I would object that it was
not properly plead [sic] that they would seek an
enhancement on it.


 They said enhancement or extraneous offenses, and/or. So,
I would object to that being used to enhance the state jail
felony from 6 months to 2 years to 2 to 10 years. With two
prior state jail felonies, Your Honor, it would be on another
state jail felony, it would be 2 to 20.


 Court: Thank you, sir.

 

 Doebbler: And so, I would object.

 

 Court: Thank you, sir. The objection is overruled. The court does
find true the two convictions cited by the State, one out of
the 230th one out of the 248th.


 After the trial court overruled his objection, appellant neither sought a
continuance, nor did he claim surprise or an inability to defend against the State's
ability to use the enhancement paragraphs. The trial court found the two
enhancement paragraphs to be true (9) and subsequently sentenced appellant to 10 years
imprisonment for the theft conviction. 

 The trial court also found true the punishment enhancement conviction that was
alleged in the retaliation indictment and sentenced appellant to 20 years in prison to
run concurrently with the theft. Appellant does not challenge the use of the
enhancement in the retaliation.

Sentence Enhancement


 A person convicted of a state jail felony faces punishment ranging from six
months to two years' imprisonment in a state jail facility. Id. § 12.35(a) (Vernon
Supp. 2007). That punishment, however, may be enhanced as a third-degree felony
which increases the range of punishment to two to ten years imprisonment if the
person had two final state jail felony convictions. Id. § 12.42(a)(1) (Vernon Supp.
2007). 

 A defendant is entitled to notice of the State's intention to use prior convictions
for enhancement. Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). It is
well-settled law, however, that it is unnecessary to allege prior convictions for
enhancement of punishment with the same particularity that is required in charging
the primary offense. See Freda v. State, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986);
Chavis v. State, 177 S.W.3d 308, 312 (Tex. App.--Houston [1st Dist.] 2005, pet.
ref'd). The purpose of an enhancement allegation is to provide the accused with
notice of the prior conviction upon which the State relies. Chavis, 177 S.W.3d at 312. 
The State, in alleging prior convictions for enhancement of punishment, should
include in its allegations the court in which the conviction was obtained, the time of
the conviction, and the nature of the offense. Id. Enhancement-of-punishment
allegations, however, are sufficient when the prior convictions are described as
felonies, the exact nature of the offenses is given, the cause numbers of the
convictions are obtained, and the dates of such convictions are set. Id. at 312-13. 

 Furthermore, it is not necessary that enhancement allegations be included in an
indictment. See Brooks, 957 S.W.2d at 32. A defendant is entitled to notice of prior
convictions to be used for enhancement, but alleging an enhancement in the
indictment is not the only reasonable method of conveying such notice. Id. at 33. 
Prior convictions used as enhancements must be pleaded in some form, but they need
not be pleaded in the indictment. Id. at 34. Simply mentioning prior offenses for no
specified purpose, however, does not give the necessary notice that the convictions
will be used for sentence enhancement. Mayfield v. State, 219 S.W.3d 538, 540 n.2
(Tex. App.--Texarkana 2007, no pet.) (citing Fairrow v. State, 112 S.W.3d 288,
290-92 (Tex. App.--Dallas 2003, no pet.) (finding that notice of extraneous offenses
only notified defendant of State's intent to introduce prior convictions into evidence
at trial and did not make any reference to sentence enhancement)). Moreover, an
informal letter that is not filed with the court that gives written notice of intent to seek
enhancement based on prior convictions does not constitute an acceptable form of
pleading. Throneberry v. State, 109 S.W.3d 52, 59 (Tex. App.--Fort Worth 2003,
no pet.).

 In the past, Texas courts have required that the defendant receive notice of the
State's intent to enhance 10 days prior to trial. See Fairrow, 112 S.W.3d at 295;
Sears v. State, 91 S.W.3d 451, 455 (Tex. App.--Beaumont 2002, no pet.). Recently,
however, the Texas Court of Criminal Appeals has held that there is no specific time
requirement. Villescas v. State, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). In
Villescas, the Court stated that the time requirement for notice of enhancement is of
constitutional origin, and therefore, the question becomes whether the notice was
constitutionally adequate. Id. Due process does not require that the enhancement
notice be given before the guilt phase begins, much less a specific number of days
before trial. Id. (citing Oyler v. Boles, 368 U.S. 448, 82 S. Ct. 501 (1962)). 
Moreover, if the "defendant has no defense to the enhancement allegation and has not
suggested the need for a continuance in order to prepare one, notice given at the
beginning of the punishment phase satisfies the federal constitution." Id. (holding
that appellant received "more than the notice minimally required to satisfy due
process" when appellant had no defense to enhancement, stipulated to prior
conviction, and did not request continuance to prepare defense).

Notice Prior to Trial

 Appellant argues that the notice he received almost three months before trial
from the State was not sufficient notice that the State planned to use prior convictions
to enhance his sentence. Specifically, he asserts that the notice filed by the State was
intended to notify appellant that the State knew of his prior criminal record and
intended to use it for evidentiary purposes and that the passive references to
enhancement do not satisfy the requirements of a proper enhancement. Appellant
relies heavily on Throneberry, in which the court concluded that a letter explicitly
stating the defendant's prior convictions and the State's intent to use those
convictions for enhancement purposes was not sufficient notice of enhancement when
there were no other pleadings or motions in the record indicating the State's intent to
enhance the sentence. Throneberry, 109 S.W.3d at 59. 

 In Throneberry, the State mailed Throneberry's counsel a letter of its intent to
enhance. Id. at 58. The letter in Throneberry said, "This letter will serve as notice
that the State will seek to enhance [Throneberry's] punishment under Chapter 12 of
the Texas Penal Code with evidence of prior convictions. . . ." Id. The court of
appeals concluded that the State's notice of its intent to enhance Throneberry's
sentence was not proper. Id. at 59.

 Like Throneberry, the notice here specifically lists the offenses, counties in
which the offenses occurred, and courts and cause numbers in which the offenses
were tried. Here also, like Throneberry, the notice referred to the use of the
convictions to enhance punishment. Unlike Throneberry, however, here, the record
contains the State's "Notice of Intention to Use Evidence of Prior Convictions and
Extraneous Offenses," which explicitly states that the State "intends" to offer
evidence of appellant's past convictions and extraneous offenses for impeachment
purposes and/or to "enhance the range of punishment of the Defendant." Thus, the
notice does not merely refer to the use of the convictions as evidence, but rather
mentions their use to "enhance the range of punishment." Furthermore, the notice
here was formally filed with the trial court, as compared to the informal letter sent to
Throneberry's counsel, and this is more like a formal pleading then an informal letter.
Thus, the State's intention to enhance appellant's sentence was clear, pleaded
properly, and filed with the court, constituting much more notice than the informal
letter used in Throneberry. See Brooks, 957 S.W.2d at 34; Chavis, 177 S.W.3d at
312.

 We therefore conclude that the State's notice of its intent to enhance
appellant's sentence was sufficient notice. 

Notice at Punishment Hearing

 Appellant next argues that he first received notice of the State's intent to
enhance his theft sentence at the beginning of the punishment hearing and the notice
was therefore untimely. 

 Appellant recognizes Villescas, the recent Court of Criminal Appeals opinion,
which states "that when a defendant has no defense to the enhancement allegation and
has not suggested the need for a continuance in order to prepare one, notice given at
the beginning of the punishment phase satisfies the federal constitution," and he urges
this Court not to apply Villescas to his case. Appellant cites Justice Dauphinot's
dissent in Fugate v. State, in which Justice Dauphinot argued that the Texas Court of
Criminal Appeals made a mistake in adopting the reasoning of Oyler v. Boyles, 368
U.S. 448, 82 S. Ct. 501 (1962), a United States Supreme Court case arising out of
Virginia, and applying it to Texas due process. Fugate v. State, 200 S.W.3d 781, 784
(Tex. App.--Fort Worth 2006, no pet.) (Dauphinot, J., dissenting). Even if we agreed
with appellant's argument, "as an intermediate appellate court, we must follow the
binding precedent of the Court of Criminal Appeals." Gonzales v. State, 190 S.W.3d
125, 130 n.1 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd). Thus, we must apply
Villescas in this case.

 Upon receiving notice at the beginning of the punishment hearing, appellant
objected only to the timeliness of the notice. He neither offered a defense to the
enhancements nor requested a continuance in order to prepare a defense. (10) 
Furthermore, not only did appellant not offer a defense to the prior convictions, he
stipulated to them the day before the trial. Thus, under these circumstances, appellant
had "more than the notice minimally required to satisfy due process." Villescas, 189
S.W.3d at 295. Accordingly, we conclude that the State's notice to enhance
appellant's sentence with his prior convictions at the beginning of the punishment
hearing satisfied constitutional due process requirements and was therefore timely. 
Id. 

 Finally, because we have found no error, we need not address whether
appellant suffered harm pursuant to Rule 44.2(a). See Tex. R. App. P. 44.2(a);
Villescas, 189 S.W.3d at 294.

 We overrule appellant's sole point of error.

Modification of Judgment

 In a sub-issue, appellant requests that this Court modify the trial court's
judgment to accurately reflect the record. Appellant argues that the theft judgment
reflects that he pleaded true to both enhancement paragraphs, when in fact he did not
plead anything to the enhancement paragraphs.

 In our review of the record, we have determined that the oral pronouncements
in open court conflict with the written judgment. The record reflects that the trial
court did not ask appellant whether he would plead true or not true to the
enhancement paragraphs, but that the trial court found the enhancement paragraphs
to be true. The judgment, however, indicates that the appellant pleaded true to both
enhancement paragraphs. 

 When the oral pronouncement of the sentence in open court conflicts with the
written judgment, the oral pronouncement controls. Donovan v. State, 232 S.W.3d
192, 197 (Tex. App.--Houston [1st Dist.] 2007, no pet.). The solution in such a case
is to modify the written judgment to conform to the sentence that was orally
pronounced in open court. See id.; see also Thompson v. State, 108 S.W.3d 287, 290
(Tex. Crim. App. 2003); Ex parte Madding, 70 S.W.3d 131, 137 (Tex. Crim. App.
2002)). An appellate court has the power to correct a trial court's written judgment
if the appellate court has the information necessary to do so. Cobb v. State, 95
S.W.3d 664, 668 (Tex. App.--Houston [1st Dist.] 2002, no pet.). 

 The written judgment is incorrect because it does not reflect appellant's plea
on the enhancement paragraphs. Because the oral pronouncements control over the
written judgments, and we have the information necessary to correct the written
judgments of the trial court, we accordingly modify the judgment in the trial court
cause number 1064699 to conform with the record showing that appellant did not
plead true to the enhancement paragraphs but that they were found true by the trial
court. Id. 









Conclusion

 We modify the judgment in trial court cause number 1064699, appellate cause
number 01-06-01084-CR, and affirm as modified. We affirm the judgment in trial
court cause number 1064701, appellate cause number 01-06-01085-CR.


 


 Evelyn V. Keyes

 Justice

 

Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).
1. Appellate cause number 01-06-01085-CR. 
2. Tex. Penal Code Ann. § 36.06(a)(1)(A) (Vernon Supp. 2007).
3. Appellate cause number 01-06-01084-CR.
4. Tex. Penal Code Ann. § 31.03(a)(b)(1), (e)(4)(c) (Vernon Supp. 2007). 
5. Appellant does not directly challenge the retaliation conviction, but claims "the error
in allowing the improper enhancement of the theft case tainted the trial court's
consideration of punishment in the retaliation case as well, because the court heard
appellant's testimony regarding both cases at once and assessed the maximum
possible (enhanced) punishment in each one."
6. Among the list were convictions for evading arrest on February 20, 2002 and delivery
of a controlled substance on March 26, 2003.
7. The Penal Code does not allow a state jail felony to be enhanced by a single felony. 
See Tex. Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2007) ("If it is shown on the
trial of a state fail felony punishable under Section 12.35(a) that the defendant has
previously been finally convicted of two felonies . . . on conviction the defendant shall
be punished for a second-degree felony.").
8. Appellant had prior convictions for evading arrest on February 2, 2002 and delivery
of a controlled substance on March 26, 2003.
9. The record does not indicate that the trial court asked appellant whether he would
plead true or not true to the enhancements. 
10. Appellant argues that the allegedly insufficient notice negatively impacted the
decisions he made prior to trial and, had he known of the State's intent to enhance, he
would have attempted a plea bargain with the State. Appellant's objection, made for
the first time on appeal, however, was never made in the trial court, and appellant
therefore has waived his right to appeal on those grounds. See Tex. R. App. P. 33.1.