# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00420-CR

Jesus Perez Gutierrez, Appellant

v.

The State of Texas, Appellee

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 53450, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jesus Perez Gutierrez appeals his conviction for aggravated sexual assault of a child under the age of fourteen years. Tex. Penal Code Ann. § 22.021 (West Supp. 2008).[1] Appellant waived trial by jury and entered a plea of guilty to the offense charged in a bench trial on June 14, 2002. On August 14, 2002, the trial court, after a presentence investigation, placed appellant on deferred adjudication community supervision for six years, subject to certain conditions. Eight days later on August 22, 2002, the State filed a motion to proceed to an adjudication of guilt alleging ten violations of the conditions imposed. On January 29, 2003, a hearing was conducted on the State's motion to adjudicate guilt. Appellant entered a plea of "not true." The State abandoned paragraph H of its motion, and the trial court found the allegations of a violation in paragraph D not to be true. The trial court did find that allegations as to violations of supervisory

---

[1] The current code is cited for convenience.

conditions in paragraph A, B, C, E, F, I, and J to be "true." The trial court adjudicated guilt on the original charge. After hearing evidence on punishment, the trial court assessed punishment at forty years' imprisonment. No appeal was apparently taken or perfected.

On June 6, 2007, the Texas Court of Criminal Appeals granted appellant an out-of-time appeal based on his post-conviction application for habeas corpus alleging ineffective assistance of counsel. *Ex parte Gutierrez*, AP 75-689 (Tex. Crim. App. 2007) (not designated for publication). The Court's mandate issued on July 5, 2007. Appellate counsel was appointed and this appeal followed.

## POINTS OF ERROR

Appellant advances four points of error all claiming in one form or another that the evidence at the adjudication hearing was insufficient to justify the adjudication of guilt. First, he urges that the evidence was insufficient to show he was the same person who was placed on deferred adjudication community supervision. Second, third, and fourth, he asserts that the evidence is insufficient to show by a preponderance of the evidence that he violated supervisory conditions as alleged in paragraphs C, E, F, and G of the State's motion and as found to be "true" by the trial court. We observe, however, that appellant does not challenge or dispute the evidence supporting the trial court's finding of "true" as to violations of supervisory conditions as alleged in paragraphs A, B, I, and J of the State's motion to adjudicate guilt. Appellant does not

2

explain why these latter findings would not sustain the adjudication of guilt despite the merits of his points of error.[2]

## THE LIMITED RIGHT OF APPEAL

We are confronted at the outset, given the circumstances and dates of the instant proceedings, with an issue of appellant's right to advance on direct appeal his designated contentions. These contentions are related to and limited to the trial court's decision to adjudicate guilt on the original charge. This matter, suggested by the State, arises out of a change in the statutory law in 2007.

It is axiomatic that a party may appeal only when the Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). From the beginning of the deferred adjudication of guilt practice in Texas until June 15, 2007, the Texas Court of Criminal Appeals has held that the Legislature meant what it said in article 42.12, section 5(b) (formerly section 3d(b)) of the Texas Code of Criminal Procedure that "[n]o appeal may be taken from this determination [to proceed with the adjudication of guilt]." *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). This holding was reaffirmed in *Davis v. State*, 195 S.W.3d 708 (Tex. Crim. App. 2006), where the Court pointed out that courts of appeals do not have jurisdiction to consider claims relating to the trial court's determination to proceed to an adjudication of guilt. *Id*. at 710. *See also Hogans v. State*, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005); *Connolly v. State*,

---

[2] Proof of a single violation of a condition of community supervision is normally sufficient to sustain a revocation of community supervision. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

983 S.W.2d 738, 741 (Tex. Crim. App. 1999); *Russell v. State*, 702 S.W.2d 617, 618 (Tex. Crim. App. 1985); *Daniels v. State*, 615 S.W.2d 771, 771 (Tex. Crim. App. 1981); *Donovan v. State*, 232 S.W.3d 192, 195 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In 2007, the Legislature amended article 42.12, section 5(b).  In place of, "No appeal may be taken from this determination," the Legislature substituted, "This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this Article in a case in which an adjudication of guilt had not been deferred."  Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (effective June 15, 2007).[3]

Section 53 of the said chapter 1308 (S.B. 909) provides:

> SECTION 53.  Subsection (b), Section 5, Article 42.12, Code of Criminal Procedure, as amended by this Act, applies to a hearing conducted under that section on or after the effective date of this Act, regardless of when the adjudication of guilt was originally deferred or when the offense giving rise to the grant of deferred adjudication community supervision was committed.

---

[3]  Article 42.12 section 5(b) now provides in pertinent part:

> (b)  On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article.  The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge.  This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred.  After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2008).

Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 53, 2007 Tex. Gen. Laws 4395, 4413 (effective June 15, 2007).

It is clear that the 2007 amendment to section 5(b) of article 42.12 has no application to the instant adjudication hearing conducted on January 29, 2003, more than four years prior to the legislative amendment. The former law prohibiting a direct appeal from the trial court's determination to adjudicate guilt is still applicable and controlling here.

Appellant is entitled to his out-of-time appeal from his conviction for aggravated sexual assault of a child. However, this appeal is based solely upon issues relating to the trial court's 2003 decision to proceed to an adjudication of guilt on the original charge. These issues are not reviewable under the law. This Court lacks jurisdiction to entertain this appeal as presented. The appeal is dismissed.

_____

John F. Onion, Jr., Justice

Before Justices Patterson, Henson and Onion*

Dismissed for Want of Jurisdiction

Filed:   September 24, 2009

Do Not Publish

* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 2005).