Alcala, J., filed a concurring opinion.
I join this Court's decision in denying habeas relief to David M. Donovan, applicant. As the habeas court determined, applicant has failed to establish by a preponderance of the evidence that he would have gone to trial instead of resolving this case through a plea bargain had he been properly admonished about the sex-offender registration requirement. I write separately to address my reasons for participating in the instant decision rather than sua sponte recusing myself.
I. Background
In 1998, applicant pleaded no contest to aggravated sexual assault of a child in accordance with an agreed plea bargain with the State. Under the plea bargain's terms, applicant was placed on five years' deferred adjudication and ordered to pay a $300 fine. The documents filed in accordance with the plea agreement include one that is signed by applicant acknowledging that the State would recommend to the court that he register as a sex offender. The applicant, his attorney, and the State signed a document entitled, "Requested Conditions of Supervision," that stated, "The parties named below hereby acknowledge that the State of Texas, by and through the undersigned Assistant District Attorney, will recommend the following terms and conditions of community supervision to the Court: ... Sex Offender Registration[,] Sex Offender Treatment/Counseling [,] Any other conditions set by the Judge[, and] No contact with the complaining witness[.]"
Two weeks later, applicant filed a motion for new trial on the basis that his plea was involuntary due to ineffective assistance of counsel. Applicant claimed that he *197 did not know that the trial court would order several conditions of community supervision, such as registration as a sex offender, avoidance of children, attendance at sex offender counseling, and 300 hours of community service. The trial court refused to hold a hearing on that motion under the theory that it lacked authority to hear a motion for new trial in the absence of an adjudication. Applicant appealed the trial court's refusal to hear the motion for new trial, and the court of appeals affirmed the trial court's decision. See Donovan v. State , 17 S.W.3d 407, 408 (Tex. App.-Houston [1st Dist.] 2000). The court of appeals held that applicant had erred by requesting relief through a motion for new trial at that juncture because first, he should have requested to withdraw his plea of no contest to the offense, and if that was denied, then second, he should have moved the trial court to a final adjudication, after which he could require a hearing on his motion for new trial. Id. at 410. On discretionary review, this Court affirmed the court of appeals's judgment. See Donovan v. State , 68 S.W.3d 633, 638 (Tex. Crim. App. 2002).
In 2005, applicant was adjudicated guilty and sentenced to forty-five years' imprisonment. Applicant appealed, and the court of appeals affirmed the trial court's judgment, as reformed to reflect the oral pronouncement of sentence. Donovan v. State , 232 S.W.3d 192, 193-94 (Tex. App.-Houston [1st Dist.] 2007). I was the author of that First Court opinion during the period of time when I was a justice there, and the decision was reached by the unanimous agreement of the panel of justices that also included Justices Taft and Jennings.
In that case, the First Court held that it lacked jurisdiction to hear applicant's challenges under the circumstances in which he was attacking only the trial court's decision to place him on deferred adjudication and the trial court's rationale for revoking it. Id. at 194. The First Court opinion explained that it lacked jurisdiction to consider applicant's first two issues that asserted that he was not in Harris County at the time of the commission of the offense for which he had been placed on deferred adjudication. Id. at 196. The First Court opinion further determined that it lacked jurisdiction over applicant's remaining issues in which he complained that the trial judge should have been recused, that applicant was improperly required to admit his guilt as part of a community supervision program, that his community supervision terms were set by a probation officer and not the judge, and that the State had failed to prove that he did not pay the required fees. Id. The opinion noted that these issues related to the trial court's decision to adjudicate guilt, which was a matter that, at that time, could not be appealed under the then-applicable statutory provisions. Id.
In his instant application for a post-conviction writ of habeas corpus, applicant contends that he received ineffective assistance of counsel at the time that the trial court placed him on deferred adjudication because he was unaware that he would be mandatorily required to register as a sex offender. Specifically, applicant alleges that counsel's failures to advise him of the consequences of his no contest plea rendered his plea involuntary under Hill v. Lockhart , 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). This Court remanded applicant's case to the habeas court for additional factual development. See Ex parte Donovan , WR-75,582-03, 2015 WL 6746502, *1 (Tex. Crim. App. Nov. 4, 2015) (per curiam) (Alcala, J., not participating). Without explanation, I did not participate in that remand order.
In response to the inquiries within this Court's remand order, the habeas court *198 has recommended that relief be denied. The habeas court determined that applicant cannot show that he was prejudiced by his trial counsel's failure to specifically advise him that sex offender registration was mandatory in his case. The habeas court explained that applicant signed a document acknowledging that the prosecutors would recommend that his community supervision include sex offender registration; that counsel informed applicant prior to the plea that if the State asked for sex offender registration, then the court would grant it, and applicant would have to register for life; and that at the time of his plea, applicant was aware that the trial court would require him to register as a sex offender for this offense.[1] The habeas court concluded that applicant was not prejudiced by the lack of specific notification that he would be mandated to register as a sex offender because he would have persisted in his plea of nolo contendere to the offense, even if he had been apprised of the mandatory sex-offender requirement.[2]
Other than the instant habeas application, there are no other motions pending in this case that require a ruling from this Court. Specifically, neither applicant nor the State has filed a motion seeking my disqualification or recusal.[3] Given that my past participation in the direct appeal was publicly known due to the fact that the opinion was published, the parties to this litigation could have but did not file a *199 motion challenging my participation in this case.
II. Analysis of Sua Sponte Recusal Issue
Because I had authored the First Court majority opinion affirming applicant's conviction for this offense when I was a justice there, I have considered whether I should sua sponte recuse myself from participating in the instant habeas application challenging that same conviction. As I explain more fully below, I have decided that it would be inappropriate to recuse myself sua sponte in this case.
The Texas Rules of Appellate Procedure state,
The grounds for recusal of an appellate court justice or judge are the same as those provided in the Rules of Civil Procedure. In addition, a justice or judge must recuse in a proceeding if it presents a material issue which the justice or judge participated in deciding while serving on another court in which the proceeding was pending.
TEX. R. APP. P. 16.2. Thus, I should sua sponte recuse myself either (1) if the Rules of Civil Procedure would require it or (2) if the instant proceeding presents a "material issue" that I decided when I ruled on this case in the First Court.[4]
First, I conclude that nothing in the Rules of Civil Procedure requires my recusal. The only possible rules that could arguably apply to this case are those that require the judge not to participate when the judge's impartiality might reasonably be questioned, or the judge has a personal bias or prejudice concerning the subject matter or party. TEX. R. CIV. P. 18b ; Gaal v. State , 332 S.W.3d 448, 452-53 (Tex. Crim. App. 2011) (noting that Rule 18b sets out the law concerning recusal). Although I authored the opinion on appeal affirming applicant's conviction, a recusal for impartiality, bias, or prejudice requires more than a prior unfavorable disposition against a litigant. See Liteky v. United States, 510 U.S. 540, 550, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (noting that "bias" or "prejudice" connote judicial predispositions that are wrongful or inappropriate); see also Rodriguez v. State , 470 S.W.3d 823, 831 (Tex. Crim. App. 2015) (finding that trial judge's rejection of a plea agreement did not demonstrate prejudice or partiality). As this Court has noted, "a judge's impartiality might be reasonably questioned 'only if it appears that he or she harbors an aversion, hostility, or disposition of a kind that a fair-minded person could not set aside when judging the dispute.' " Gaal , 332 S.W.3d at 453 (quoting Liteky , 510 U.S. at 558, 114 S.Ct. 1147 (Kennedy, J., concurring)). Moreover, in general, recusal is not required solely on the basis of judicial rulings, remarks, or actions. Id. at 454. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id . I conclude that the mere facts that I participated in affirming applicant's judgment when I was a justice on the First Court and that I am now ruling on a habeas application challenging the same conviction do not give rise to a reasonable basis for questioning my impartiality, or for concluding that I have a personal bias or prejudice concerning the subject matter or party. See TEX. R. CIV. P. 18b.
*200 Second, applicant's instant application does not present a "material issue" on which I have previously participated in his case. When I was on the First Court, our opinion held that we lacked jurisdiction to address applicant's complaints, and thus we did not reach the underlying merits of any of his challenges. See Donovan , 232 S.W.3d at 196-97. Accordingly, I have never previously considered applicant's instant claim that his no contest plea that resulted in his placement on deferred adjudication was involuntary due to counsel's failure to apprise him that he would be mandatorily required to register as a sex offender.
Given that there is no valid basis for my recusal, it would be improper for me to decline to participate in this case. All judges have the duty to sit and decide matters before them unless a basis exists for disqualification or recusal. See Rogers v. Bradley , 909 S.W.2d 872, 879 (Tex. 1995) (Enoch, J., concurring). "[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Id. (quoting United States v. Burger , 964 F.2d 1065, 1070 (10th Cir. 1992) ). Because I have an obligation as a judge on this Court to faithfully participate in this Court's decisions, and because there is no valid basis for my recusal, I have opted to participate in this decision and to adopt the habeas court's findings of fact and conclusions of law.
III. Conclusion
For the reasons expressed in this opinion, I have decided not to sua sponte recuse myself. With these comments, I respectfully join this Court's decision denying habeas relief to applicant.

In its findings of fact on remand, the habeas court noted,
47. It is the Court's standard practice to ask criminal defendants seeking community supervision [to] sign the "Requested Conditions of Supervision" form so there is no question that they are aware that the Court sets the conditions of community supervision.
48. It is the Court's "standard practice at the plea to look at that [Requested Conditions of Supervision] form and to go over" the form and to orally add or subtract conditions as necessary.
49. The Court finds the "Requested Conditions of Supervision" form is an important document in reviewing the applicant's instant habeas claims "because the defendant signed it" and the Court finds that the applicant was sufficiently intelligent to know what he was signing when he signed this document.
50. The Court finds that since sex offender registration was checked off on the "Requested Conditions of Supervision" form in the applicant's case, that it would have been the standard practice of the Court to include registration as a condition of the applicant's community supervision.
51. The Court "believe[s] that [the applicant] knew he would have to register as a sex offender at the time of the plea."
In its conclusions of law, the habeas court determined,
6. [H]ere [counsel] informed the applicant prior to the plea that if the State asked for sex offender registration (which the applicant was aware that they did), then Court would grant it, and the applicant would have to register for life.

In its conclusions of law numbers seven and nine, the habeas court determined,
7. Although [counsel] did not provide the applicant with error-free representation, in that he did not inform the applicant that sex offender registration was statutorily mandatory, [counsel's] representation was still reasonably effective because the applicant could not have detrimentally relied on this misinformation since he was advised that if the State requested sex offender registration, which he knew the State did, the Court would order it.
9. The applicant's plea was voluntarily entered, as the applicant was made aware that the Court would set the conditions of his community supervision regardless of the conditions recommended by the State, as evidenced by the credible testimony of counsel as well as the plea paperwork and "Requested Conditions of Community Supervision" which the applicant signed.

See Tex. R. App. P. 16.3 ("A party may file a motion to recuse a justice or judge before whom the case is pending.").

Rule 18b defines "proceeding" to include "pretrial, trial, or other stages of litigation." Tex. R. Civ. P. 18b(d).