

# NUMBER 13-19-00230-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

HIDALGO COUNTY DISTRICT ATTORNEY
RICARDO RODRIGUEZ JR. AND JUAN L. VILLESCAS,
ASSISTANT DISTRICT ATTORNEY,                          Appellants,

v.

MARCO A. CANTU,                                      Appellee.

On appeal from the 370th District Court
of Hidalgo County, Texas.

# NUMBER 13-19-00254-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

IN RE HIDALGO COUNTY CRIMINAL DISTRICT ATTORNEY
RICARDO RODRIGUEZ JR. AND JUAN VILLESCAS

**ORDER**

**Before Chief Justice Contreras and Justices Benavides, Longoria, Delgado, Hinojosa, and Perkes[1] Order En Banc**

Appellee and real party in interest, Mark A. Cantu, has filed a "Certificate of Interested Parties" in both the appeal currently pending in cause number 13-19-00230-CV and the original proceeding currently pending in cause number 13-19-00254-CV. In each case, Cantu asserts that various individuals "were involved in a criminal conspiracy to suborn perjury" and contends that "[i]f this underlying lawsuit is successful," these individuals "will be indicted, arrested and become residents of the Hidalgo County Hilton (i.e., the jail)." He asserts that "they possess a vested interest in terminating this case" to "prevent their possible criminal prosecution" and requests that they be listed in these lawsuits "as interested parties." Cantu further states that "in light of such facts, the impartiality of Hon. Gina Benavides may reasonably be questioned" and requests that she be recused from the appeal and original proceeding. Cantu does not provide argument, authority, or evidence in support of his request to recuse Justice Benavides.

In an appellate court proceeding, a party may file a motion to recuse a justice or judge before whom the case is pending. *See* TEX. R. APP. P. 16.3(a). The motion to recuse must be filed promptly after the party "has reason to believe that the justice or judge should not participate in deciding the case." *Id.* "Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all

---

[1] Justice Rodolfo "Rudy" Delgado did not participate in this decision.

participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc." *Id.* R. 16.3(b). "An en banc court consists of all members of the court who are not disqualified or recused and— if the case was originally argued before or decided by a panel—any members of the panel who are not members of the court but remain eligible for assignment to the court." *Id.* R. 41.2(a). "The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her." *Id.* R. 16.3(b).

All judges have the duty to sit and decide matters before them unless a basis exists for their disqualification or recusal. *Ex parte Donovan*, 541 S.W.3d 196, 200 (Tex. Crim. App. 2017) (Alcala, J., concurring), *cert. denied sub nom. Donovan v. Tex.*, 138 S. Ct. 2580 (2018); *Rogers v. Bradley*, 909 S.W.2d 872, 879 (Tex. 1995) (Enoch, J., concurring); *Sears v. Olivarez*, 28 S.W.3d 611, 614 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.) (en banc). In fact, there is as much of an obligation for a judge not to recuse when there is no occasion to do so as there is for the judge to do so when there is. *Ex parte Donovan*, 541 S.W.3d at 200; *Rogers*, 909 S.W.2d at 879; *see United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Rule 18b(b) of the Texas Rules of Civil Procedure identifies the grounds for recusal of an appellate court justice. TEX. R. APP. P. 16.2; see TEX. R. CIV. P. 18b(b); *McCullough v. Kitzman*, 50 S.W.3d 87, 88 (Tex. App.—Waco 2001, pet. denied) (order). Rule 18b provides that a justice must recuse himself or herself in a proceeding in which "the judge's impartiality might reasonably be questioned." TEX. R. CIV. P. 18b(b)(1). The test for recusal under this provision is "whether a reasonable member of the public at large,

3

knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Rogers*, 909 S.W.2d at 881; *see Estate of Nunu*, 542 S.W.3d 67, 87 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.); *Fuelberg v. State*, 410 S.W.3d 498, 509 (Tex. App.—Austin 2013, no pet.); *In re Fifty-One Gambling Devices, Twenty Six Thousand Eight Hundred Eighty Dollars in United States Currency*, 298 S.W.3d at 768, 775 (Tex. App.—Amarillo 2009, pet. denied); *Sears*, 28 S.W.3d at 615.

Pursuant to the procedure outlined in Rule 16.3(b), prior to any further proceedings in this appeal and original proceeding, Justice Gina M. Benavides considered the motions to recuse. *See* TEX. R. APP. P. 16.3(b). Justice Gina M. Benavides found no reason to recuse herself under any of the rules and law pertaining to recusal and denied the motions to recuse in each case. She then certified her denial to the entire court. *See id.; McCullough v. Kitzman*, 50 S.W.3d at 88. The remaining justices, sitting en banc, decided the motions to recuse Justice Benavides, who did not sit with the remainder of the court to determine the motions. *See* TEX. R. APP. P. 16.3(b). The remaining justices, having examined and fully considered the pleadings and the record in each case, find no reason to recuse Justice Gina M. Benavides. Accordingly, Mark A. Cantu's motion to recuse Justice Gina M. Benavides is DENIED in each of these causes.

It is so ORDERED.

PER CURIAM

Delivered and filed the
25th day of June, 2019.

4