**Opinion issued July 8, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00745-CR

————————————

## CHRISTOPHER TROY CROOKS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1507802**

---

## MEMORANDUM OPINION

After appellant, Christopher Troy Crooks, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession of a controlled substance: butalbital, weighing more than twenty-eight grams but

less than 200 grams,[1] the trial court deferred adjudication of his guilt and placed him on community supervision for four years. The State, alleging numerous violations of the conditions of appellant's community supervision, later moved to adjudicate his guilt. After a hearing, the trial court found an allegation true, found appellant guilty, and assessed his punishment at confinement for seven years. In two issues, appellant contends that the evidence is insufficient to support a finding that he violated a condition of his community supervision and the trial court's judgment should be modified.

We modify the trial court's judgment and affirm as modified.

## Background

On February 21, 2017, appellant pleaded guilty to the felony offense of possession of a controlled substance: butalbital, weighing more than twenty-eight grams but less than 200 grams. The trial court deferred adjudication of appellant's guilt and placed him on community supervision, subject to certain conditions, including Condition 3:

> Report to the [c]ommunity [s]upervision [o]fficer as directed for the remainder of the supervision term unless so ordered differently by the [c]ourt.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. §§ 481.104, 481.117(a), (c).

On August 4, 2020, the State moved to adjudicate appellant's guilt,[2] alleging that appellant had violated numerous conditions of his community supervision, including "[f]ailing to report to the [c]ommunity [s]upervision [o]fficer," "as directed on December 10, 2019[] [and] December 19, 2019[,] and [appellant] ha[d] not reported to his [c]ommunity [s]upervision [o]fficer since."

At the hearing on the State's first amended motion to adjudicate guilt, appellant pleaded "false" to the above allegation in the State's motion.

Former Harris County Community Supervision Officer N. Iyalla testified that she supervised appellant "[f]rom the beginning" of appellant's community supervision period until the end of October 2019 when her job changed. According to Iyalla, as part of his community supervision, appellant was required to comply with certain conditions, which included reporting monthly, or as instructed, to his community supervision officer. Iyalla went over the conditions of his community supervision with appellant, and he signed the Conditions of Community Supervision form. While Iyalla supervised appellant, he reported to her as he was required to do. Iyalla last saw appellant at his October 2019 visit with her. According to Iyalla, appellant was familiar with the conditions of his community supervision and knew what "he had to do."

---

[2]     The State filed its first amended motion to adjudicate guilt on August 4, 2020.

Harris County Community Supervision Officer A. Owens testified that she supervised appellant from November 2019 until March 2020 while appellant was on community supervision. During the time that Owens served as appellant's community supervision officer, appellant failed to report as required in December 2019, January 2020, and February 2020. Appellant was notified, in person, by Iyalla that he was supposed to report to his community supervision officer, Owens, on December 10, 2019. And Owens notified appellant by mail and email that he was required to report to her on December 19, 2019. Appellant did not show up for either required visit with Owens. When Owens tried to contact appellant, he did not respond to her. Owens also sent appellant, by mail and email, a notice to report to her on January 22, 2020. Appellant failed to report as directed, and Owens did not receive the notice back as undeliverable.

According to Owens, even though a motion to adjudicate appellant's guilt was initially filed in January 2020, appellant was still required to report to his community supervision officer monthly. And Owens never told appellant that he no longer had to report to her.

After hearing the evidence, the trial court found that appellant had violated a condition of his community supervision by failing to report to his community supervision officer as directed. The trial court then found appellant guilty of the felony offense of possession of a controlled substance: butalbital, weighing more

than twenty-eight grams but less than 200 grams, and assessed his punishment at confinement for seven years.

## Adjudication of Guilt

In his first issue, appellant argues that the trial court erred in adjudicating his guilt because the evidence is insufficient to support a finding that he violated a condition of his community supervision.

Appellate review of an order adjudicating guilt is limited to determining whether the trial court abused its discretion. TEX. CODE CRIM. PROC. ANN. art. 42A.108; *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court's decision must be supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763–64. The evidence meets this standard when the greater weight of the credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Id.* We will conclude that the trial court did not abuse its discretion if the record shows proof by a preponderance of the evidence of any of the alleged violations of the conditions of community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

We examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). As the

sole trier of fact, the trial court determines the credibility of witnesses and the weight to be given to their testimony. *See Garrett*, 619 S.W.2d at 174; *Jones*, 787 S.W.2d at 97.

Proof of a single violation is sufficient to support revocation of community supervision. *Moore*, 605 S.W.2d at 926; *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Condition 3 of appellants' Conditions of Community Supervision states:

> Report to the [c]ommunity [s]upervision [o]fficer as directed for the remainder of the supervision term unless so ordered differently by the [c]ourt.

The State moved to adjudicate appellant's guilt, alleging that appellant had "[f]ail[ed] to report to the [c]ommunity [s]upervision [o]fficer," "as directed on December 10, 2019[] [and] December 19, 2019[,] and [appellant] ha[d] not reported to his [c]ommunity [s]upervision [o]fficer since."

At the hearing on the State's motion, Community Supervision Officer Iyalla testified that she supervised appellant from the beginning of his community supervision period until October 2019. As part of appellant's community supervision, he was required to comply with certain conditions, including reporting monthly, or as instructed, to his community supervision officer. Iyalla went over the conditions of community supervision with appellant, and he signed the Conditions of Community Supervision form. Appellant was familiar with the conditions of his

6

community supervision and knew what "he had to do." Iyalla last saw appellant at his October 2019 visit with her.

Community Supervision Officer Owens testified that she supervised appellant from November 2019 until March 2020 while he was on community supervision. During that time, appellant failed to report to her, his community supervision officer, in December 2019, January 2020, and February 2020. Appellant was notified in person, by Iyalla, that he was supposed to report to his community supervision officer, Owens, on December 10, 2019. Appellant did not report to Owens on December 10, 2019. Owens notified appellant by mail and email that he was required to report to her on December 19, 2019. Appellant did not report to Owens on December 19, 2019. When Owens tried to contact appellant, he did not respond.

Appellant asserts that the evidence shows that he reasonably believed that he was no longer required to report to his community supervision officer. But Owens testified that Iyalla, in October 2019, told appellant to report to his community supervision officer on December 10, 2019. And Owens notified appellant by mail and email that he was required to report to her on December 19, 2019. Owens never told appellant that he no longer had to report to her. According to Owens, appellant was required to still report to his community supervision officer even after a motion to adjudicate appellant's guilt was filed in January 2020. As the sole trier of facts, the trial court determines the credibility of witnesses and the weight to be given to

7

their testimony. *See Garrett*, 619 S.W.2d at 174; *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Jones*, 787 S.W.2d at 97. The trial court is entitled to believe all of a witness's testimony. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010) (trial court, as fact finder, is entitled to believe or disbelieve all or part of witness's testimony).

Viewed in the light most favorable to the trial court's order adjudicating guilt, the greater weight of the evidence supports a reasonable belief that appellant violated a condition of his community supervision. Thus, we hold that the trial court did not err in finding "true" that appellant violated the condition of his community supervision requiring appellant to "[r]eport to the [c]ommunity [s]upervision [o]fficer as directed for the remainder of the supervision term unless so ordered differently by the [c]ourt." We also hold that the trial court did not err in adjudicating appellant's guilt.

We overrule appellant's first issue.

## Modification of Judgment

In his second issue, appellant argues that the trial court's judgment should be modified because appellant pleaded "not true" instead of "true" to the allegations in the State's first amended motion to adjudicate guilt. (Internal quotations omitted.) The State concedes that the record shows that appellant pleaded "not true" to the allegations in its first amended motion to adjudicate guilt, and it argues that the trial

8

court's judgment should be modified because it incorrectly states that the trial court assessed appellant's punishment at confinement for six years, when the trial court assessed appellant's punishment at confinement for seven years. (Internal quotations omitted.)

We also note that the trial court's written judgment does not accurately comport with the record because it states that the trial court found that appellant "violated the conditions of community supervision, as set out in the State's Original Motion to Adjudicate Guilt as follows: Law Violation – Defendant did then and there violate terms and conditions of community supervision by failing to commit no offense against the laws of this State or any other state of the United States. Technical Violation – Defendant did then and there violate terms and conditions by failing to report to the community supervision officer as specified." (Emphasis omitted.)

"An appellate court has the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)). Our authority to correct an incorrect judgment does not depend on a request by the parties. *See Asberry*, 813 S.W.2d at 529–30.

Here, the record reveals that appellant pleaded "false" or "not true" to the allegations in the State's first amended motion to adjudicate guilt. And the trial court, in its oral pronouncement in open court, assessed appellant's punishment at confinement for seven years. *See Donovan v. State*, 232 S.W.3d 192, 197 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (when oral pronouncement of sentence in open court conflicts with written judgment, oral pronouncement controls and solution is to modify written judgment to conform to sentence that was orally pronounced in open court); *see also Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The record also reveals that the trial court found that appellant violated the single condition of "[f]ailing to report to the [c]ommunity [s]upervision [o]fficer" as alleged in the State's first amended motion to adjudicate guilt. *See Whitehead v. State*, No. 01-16-00168-CR, 2017 WL 3429954, at *5 (Tex. App.—Houston [1st Dist.] Aug. 10, 2017, no pet.) (mem. op., not designated for publication) (concluding reference to State's "Original Motion to Adjudicate Guilt" was clerical error and modifying judgment (internal quotations and emphasis omitted)); *Jackson v. State*, Nos. 05-14-00274-CR, 05-4-00275-CR, 2015 WL 3797806, at *6–7 (Tex. App.—Dallas June 17, 2015, no pet.) (mem. op., not designated for publication).

We modify the trial court's judgment to state "NOT TRUE" for appellant's "Plea to Motion to Adjudicate" and "7 YEARS" for appellant's "Punishment." And

10

we modify the second page of the trial court's judgment to state:  "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision as set out in the State's First Amended Motion to Adjudicate Guilt as follows:  Technical Violation – Defendant did then and there violate terms and conditions of community supervision by failing to report to the community supervision officer as specified."  *See* TEX. R. APP. P. 43.2(b).

We sustain appellant's second issue.

## Conclusion

We affirm the judgment of the trial court as modified.


Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Landau and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).