**Joseph Molton CHAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–04–00203–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 2005.

Discretionary Review Refused
Sept. 28, 2005.

Jerald K. Graber, Houston, for Appellant.

Eric Kugler, Assistant District Attorney of Harris County, Houston, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Joseph Molton Chavis, of felony assault upon an elderly person. *See* Tex. Pen.Code Ann. § 22.04(a) (Vernon 2003). The jury found true enhancement paragraphs alleging two prior convictions for aggravated assault and assessed punishment at confinement in prison for 33 years. We determine whether the trial court erred in the punishment phase of trial by granting the State's mid-trial motion to abandon the convicting court numbers in the enhancement paragraphs of the indictment. We affirm.

### Facts

On the morning of September 20, 2003, Linda Nguyen, the 69–year–old complainant in this case, was working at a Diamond Shamrock store when appellant entered. Appellant was a frequent store customer,

and Nguyen knew him to cause problems in the store often.

At some point in the morning, Nguyen confronted appellant after she noticed that he had left a mess on the hotdog counter. She told him, "Next time you come do not make a mess in the store. Do not speak loud anymore." Appellant responded by yelling, "F-ck you," to Nguyen. Nguyen returned the same remark to appellant. Appellant responded again by cursing and spitting on Nguyen and then punched her in the face with a closed fist, causing her to fall and to hit the floor. Nguyen's face became very swollen, and she experienced a great deal of pain from her injury. Nguyen was taken to the hospital by ambulance to be examined and treated for her injuries.

At trial, appellant denied having had problems with Nguyen and considered their relationship to be that of friends. Appellant admitted that he had spat on Nguyen, but stated that he did so only after she first spat on him. Appellant explained that he had hit Nguyen only because she was going to spit on him again and that he had never intended to hurt her.

## Abandoning Portions of Enhancement Paragraphs

In his sole point of error, appellant contends that the trial court erred in granting the State's motion to abandon the convicting court numbers in the enhancement paragraphs of the indictment. Appellant contends that, because those omitted portions were material, a fatal variance was created between the indictment and the trial court's charge. Appellant further asserts that the trial court's granting the abandonment lessened the State's burden of proof.

The second enhancement paragraph of the indictment originally alleged in pertinent part:

JOSEPH MOLTON CHAVIS, hereafter styled the Defendant ... before the commission of the primary offense, and after the conviction in Cause No. 680299 was final, ... committed the felony of aggravated assault and was finally convicted of that offense on August 20, 1999, in Cause No. 804308, in the **208th District Court** of Harris County, Texas.

[emphasis added]. Prior to trial, on January 6, 2004, the State filed a motion to amend the indictment, requesting that the second enhancement paragraph, alleging a prior conviction in the 208th District Court, be changed to reflect that the prior conviction had occurred in the 180th District Court. The State filed a nearly identical motion on February 6, 2004. Appellant received notice of the motion, and the order was granted by the trial court on February 6, 2004. The trial court crossed out "208th," replaced it with "180th," and initialed and dated the physical changes on the indictment.

On February 24, 2004, appellant was arraigned outside the presence of the jury. The State read the amended enhancement paragraphs for the punishment phase. Appellant pleaded true to the first enhancement paragraph, alleging aggravated assault, but pleaded not true to the second enhancement paragraph, also alleging aggravated assault. Appellant objected to the second enhancement paragraph, stating that the convicting court number in the indictment and the conviction record did not coincide. At the commencement of the punishment phase on February 25, 2004, the State moved to abandon the court numbers on both enhancement paragraphs, arguing that they were surplusage. Defense counsel objected, arguing that the State needed to prove the enhancement

allegations as set forth in the original indictment. Despite the objection, the trial court granted the State's motion to omit the convicting court numbers from the enhancement paragraphs.

## A. The Law

■ Article 28.10 of the Code of Criminal Procedure provides that, "after notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences." TEX.CODE CRIM. PROC. ANN. art. 28.10(a) (Vernon 2003). However, "[a]n indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." TEX CODE CRIM. PROC. ANN. art. 28.10(c) (Vernon 2003). A "different offense" means a different statutory offense. *Flowers v. State*, 815 S.W.2d 724, 728 (Tex.Crim.App.1991).

■ An amendment to an indictment is a change that affects the substance of the indictment, while an abandonment, even if effected by a physical change in the indictment, does not affect its substance. *Eastep v. State*, 941 S.W.2d 130, 132–33 (Tex. Crim.App.1997), *overruled on other grounds, Riney v. State*, 28 S.W.3d 561 (Tex.Crim.App.2000). An alteration to the charging instrument that constitutes abandonment, rather than amendment of the instrument, does not invoke the requirements of article 28.10(c). *See id.* at 133.

■ An abandonment is appropriate in the following situations: (1) changing the ways or means of committing the offense; (2) reducing the charge to a lesser-included offense; and (3) eliminating surplusage. *Mayfield v. State*, 117 S.W.3d 475, 476 (Tex.App.-Texarkana 2003, pet. denied).

Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument. *Eastep*, 941 S.W.2d at 134; *see also Collins v. State*, 500 S.W.2d 168, 169 (Tex.Crim.App. 1973). The court in *Whetstone v. State* held:

> The general rule is that allegations which are not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as surplusage.

*Id.*, 786 S.W.2d 361, 364 (Tex.Crim.App. 1990), *overruled on other grounds, Gollihar v. State*, 46 S.W.3d 243 (Tex.Crim.App. 2001).

## B. Abandonment Was Proper

■ In the present case, because the convicting court number was not necessary to describe the offense charged in the enhancement paragraph and the remaining allegations were sufficient to identify the charged offense, the trial court's change constituted a proper abandonment. *See Mayfield*, 117 S.W.3d at 476.

## C. No Fatal Variance Occurred

■ A variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim.App.2001). In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument. *Id.* Surplusage may be responsible for a variance between the pleading and the proof. *Whetstone*, 786 S.W.2d at 364.

However, "only a material variance is fatal [and a] variance between the charging instrument and the proof at trial is material only if it operated to the defen-

dant's surprise or prejudiced his rights." *Gollihar*, 46 S.W.3d at 248. The rule of surplusage is generally consistent with variance law's materiality requirement because an allegation that is not essential to constitute the offense and the omission of which will not affect the charge against the defendant or will not be detrimental to the indictment will likely also not be "material" within the meaning of the fatal-variance doctrine. *Id.* at 249. Therefore, it may be disregarded as surplusage and an immaterial variance. *Id.*

█ In this case, a variance was created between the indictment and the jury charge because the convicting court numbers were abandoned in the enhancement paragraphs of the charge. However, that variance was not material. Both the enhancement paragraph and the indictment stated the same cause number, the same offense, and the same dates of judgment. The only variance was in the convicting court numbers. Abandoning the court numbers in the enhancement paragraphs would not have prevented appellant from locating the record of the prior convictions upon which the State relied, nor was the inclusion of the court numbers essential to constitute the offenses. Furthermore, appellant's trial counsel explicitly stated that the court numbers were the reason that appellant had entered a plea of not true to the second enhancement paragraph, thereby demonstrating appellant's awareness of the details of his prior conviction. Under these circumstances, we fail to see how the variance could be material or fatal. *See Freda v. State*, 704 S.W.2d 41, 43 (Tex. Crim.App.1986) (holding that variance not fatal when indictment alleged prior conviction for bank robbery, but proof showed defendant had been convicted of conspiracy to commit bank robbery); *Rooks v. State*, 576 S.W.2d 615, 616 (Tex.Crim.App. 1978) (holding that variance between charging instrument alleging prior conviction in the "Criminal District Court of

Harris County" and proof showing conviction in the "184th District Court of Harris County" was not material); *Bray v. State*, 531 S.W.2d 633, 635 (Tex.Crim.App.1976) (holding that variance in number of district court, when county and cause number of the conviction were correct, was not material); *Barrett v. State*, 900 S.W.2d 748, 752 (Tex.App.-Tyler 1995, pet. ref'd) (holding that variance not fatal when enhancement paragraph alleged burglary of building and proof showed prior conviction for attempted burglary of building).

**D. State's Burden of Proof Was Not Improperly Lessened**

█ It is well-settled that it is unnecessary to allege prior convictions for enhancement of punishment with the same particularity that is required in charging the primary offense. *Freda*, 704 S.W.2d at 42. The purpose of an enhancement allegation is to provide the accused with notice of the prior conviction upon which the State relies. *Bevins v. State*, 422 S.W.2d 180, 181 (Tex.Crim.App.1967). The court, in *Morman v. State*, 127 Tex.Crim. 264, 75 S.W.2d 886 (1934) (per curiam), *overruled on other grounds, Rooks v. State*, 576 S.W.2d 615 (Tex.Crim.App.1978), stated that an "accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for trial of the question whether he is the convict named therein." *Id.* at 887.

█ Courts have held that, in alleging prior convictions for enhancement of punishment, the allegations should include the court in which the conviction was obtained, the time of the conviction, and the nature of the offense. *Hollins v. State*, 571 S.W.2d 873, 876 (Tex.Crim.App.1978). However, enhancement-of-punishment allegations are sufficient when the prior convictions were described as felonies, the exact nature of the offenses was given, the

cause numbers of the convictions were obtained, and the dates of such convictions were set. *Id.* (holding that, although courts were not named, allegations that all convictions occurred in Harris County and that each felony offense was committed after a final conviction in the preceding case was sufficient); *Arce v. State,* 552 S.W.2d 163, 164 (Tex.Crim.App.1977) (holding that enhancement paragraph was sufficient notice to enable accused to locate prior felony convictions alleged, when State gave cause number and county).

The jury charge in this instance did not require the jury to find the name or designation of the convicting court even though the convicting court had been alleged in the indictment. Nevertheless, the jury charge did require the jury to find that both prior convictions were felony offenses, namely, aggravated assault, the identity of the cause numbers in Harris County in which the convictions were obtained, the date of such convictions, and that each felony offense was committed after a final conviction in preceding case. The State's proof of the allegations was sufficient because it proved all factors required by the jury charge, which was more than the requirements found sufficient in *Arce* and *Bray,* namely, the cause number and county of conviction. *See Bray,* 531 S.W.2d at 635. While appellant can argue that the State's proof was lessened, it was not improperly lessened by the abandonment of a matter that was immaterial and, thus, surplusage.

Accordingly, we overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.