Opinion issued May 31, 2007









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00034-CR






RUSSELL LEE MILLER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1032888






MEMORANDUM OPINION

 Appellant, Russell Lee Miller, appeals the trial court's judgment convicting
him of aggravated robbery with a deadly weapon, a knife. See Tex. Pen. Code Ann. 
§ 29.03(a)(2) (Vernon 2003). Appellant pleaded not guilty to the charge, "not true"
to a first enhancement paragraph, and "true" to a second enhancement paragraph. 
The trial court found appellant guilty, found true the allegations of both enhancement
paragraphs, and assessed punishment at 28 years' imprisonment. In his first issue,
appellant contends that his trial counsel rendered ineffective assistance. In his second
issue, appellant contends that the evidence is legally and factually insufficient to
sustain the trial court's finding of "true" on the first enhancement paragraph. We
conclude that appellant has not shown that his trial counsel's performance fell below
an objective standard of reasonableness and that the evidence is sufficient to support
the trial court's finding of "true" on the first enhancement paragraph. We affirm.

Background

 On July 3, 2005, as complainant entered the laundry room at the apartment
complex where she resided, she saw a man and a woman whom she did not recognize. 
The man was appellant and the woman was a friend of his. Complainant started a
load of laundry and went back to her apartment. She returned to the laundry room a
short time later to check on her laundry, but, because it was not quite done, she sat
down to wait for it to finish. The man and the woman were still doing laundry.

 Appellant approached complainant, placed his hand over her mouth and nose, 
and brandished a knife in her face. Because he was bigger than she, and was standing
over her, pressing down, she was unable to stand up, move, or breathe. Appellant
told complainant that he was going to kill her, but then said, "I'm not going to hurt
you. Just tell me how much money you have. Give me more money. I need money." 
Complainant told appellant that she had no money but gave him her keys and cell
phone. She testified that appellant put the phone and keys in his pocket.

 While this was going on, appellant's friend was folding laundry with her back
to complainant and appellant. About three or four minutes into the confrontation
between appellant and complainant, appellant's friend came up behind appellant,
grabbed him and told him to let complainant go and to return the property to
complainant. At first appellant ignored his friend, but after about one minute, he
threw complainant's phone and keys down "and split."

 As appellant fled on foot, complainant called 911 and waited for police to
arrive. The police and complainant's husband arrived at the apartment complex at
about the same time. One officer spoke briefly to complainant's husband, but left
when another police unit in the area reported seeing a person who matched the
description of the assailant. With the help of citizens who were nearby during the
search for the assailant, police officers were led to appellant, who was found hiding
inside a restroom in a mechanic's shop in the space above the ceiling tiles. Appellant
was placed in the back of a patrol car and taken back to the apartment complex, where
complainant identified him as the man who had robbed her.

 Appellant testified that he and his friend went to the apartment complex to visit
another friend of his, Rosemary, and to get some laundry done. Rosemary was not
home, so appellant and his friend started their laundry, periodically checking to see
if Rosemary had returned. After their laundry was dry, his friend began folding the
clothes and he went to clean the lint screen in the dryer they had used. While he was
doing this, complainant asked him if he had any change. Appellant said that this
"upset" him and he "flipped out." Appellant admitted that he pulled a knife on
complainant and started yelling at her. 

 Appellant explained that he was upset because just before complainant came
into the laundry room, his friend had given him "a thorough tongue lashing" about
Rosemary not being home. Appellant testified that he did not demand money or
anything else from complainant. He said that when complainant held out her keys
and phone he was confused. He testified that he did not know why she was doing
that. He took the keys and phone and placed them on the dryer right next to
complainant. After this, appellant realized that he had pulled a knife on complainant
and that he "had messed up" and that he "shouldn't have had a knife pulled on her." 
Appellant also denied that he had ever touched complainant. The trial court found
appellant guilty.

 During the punishment phase, appellant testified that the night prior to the
incident, he consumed about one-half of one gallon of vodka. When he woke up the
next morning, he had a "horrible hangover" and "started drinking again to try to kill
it." He said that he drank all morning up until the confrontation with complainant. 
Appellant's mother also testified at the punishment phase. She stated that she, her
mother, her other son, and appellant had all been diagnosed with a genetic condition
called acute intermittent porphyria, which can cause rapidly changing behavior,
including paranoia and anxiety, and cause a person to "just fly off the handle."

Ineffective Assistance of Counsel

 In his first issue, appellant contends that

 trial counsel's representation on the whole was ineffective in numerous
ways, including, but not limited to: failing to file any motions, including
a motion for discovery; introduce expert medical mitigating evidence
regarding appellant's mental illness; failing to have appellant examined
by a Harris County psychiatrist prior to entering a plea of guilty to this
offense, in order to establish that he was sane at the time of offense and
competent at the time of trial; failing to move for continuance in order
to have appellant examined by a psychiatrist to determine sanity and
competency; failing to raise the defense of lack of mens rea to commit
offense due to appellant's heavily intoxicated state at the time of
offense; and, failing to file a motion to quash the defective first
enhancement paragraph.


 To prevail on a claim of ineffective assistance of counsel, the defendant must
show that trial counsel's performance was deficient and a reasonable probability
exists that the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984). The first
prong of the Strickland test requires that the defendant show that counsel's
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove
objectively, by a preponderance of the evidence, that trial counsel's representation
fell below professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002). The second prong requires that the defendant show a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068;
Thompson, 9 S.W.3d at 812. Because the reviewing court must, however, indulge a
strong presumption that counsel's conduct falls within the wide range of reasonable
professional assistance, the defendant must overcome the presumption that, under the
circumstances, the challenged action "might be considered sound trial strategy." 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

 Any allegation of ineffectiveness must be firmly founded in the record, which
must demonstrate affirmatively the alleged ineffectiveness. Thompson, 9 S.W.3d at
813 (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We
will not speculate to find trial counsel ineffective when the record is silent on
counsel's reasoning or strategy. See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App. 2000). In rare cases, however, the record can be sufficient to prove that
counsel's performance was deficient, despite the absence of affirmative evidence of
counsel's reasoning or strategy. Id. 

 Here, appellant did not obtain a motion for new trial hearing, and no direct
evidence in the record establishes appellant's attorney's reasoning for defending the
case as he did. We therefore presume that counsel had a plausible reason for his
actions. See Thompson, 9 S.W.3d at 814. On appeal, appellant has failed to explain
why the actions by trial counsel fall below an objective standard of reasonableness. 
We conclude that appellant does not meet the first prong of Strickland because he has
failed to show and the record does not demonstrate that his counsel's performance fell
below an objective standard of reasonableness. See Mitchell, 68 S.W.3d at 642;
Thompson, 9 S.W.3d at 812.

 We overrule appellant's first issue.

Variance in the Enhancement Paragraph

 In his second issue, appellant contends that the evidence is legally and factually
insufficient to support the trial court's finding of "true" for the first enhancement
paragraph. Specifically, appellant asserts that the first enhancement paragraph
alleged that appellant had previously been convicted of a felony in 1998, but the
proof at trial showed that appellant had actually been convicted in 1996. Thus,
appellant contends, no rational trier of fact could have found the enhancement
paragraph true beyond a reasonable doubt.

 A variance is a discrepancy between the allegations in the charging instrument
and the proof at trial. Chavis v. State, 177 S.W.3d 308, 311 (Tex. App.--Houston
[1st Dist.] 2005, pet. ref'd) (citing Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim.
App. 2001)). "'[O]nly a material variance is fatal [and a] variance between the
charging instrument and the proof at trial is material only if it operated to the
defendant's surprise or prejudiced his rights.'" Id. at 311-12 (quoting Gollihar, 46
S.W.3d at 248). It is unnecessary to allege prior convictions for enhancement of
punishment with the same particularity that is required in charging the primary
offense. Id. at 312 (citing Freda v. State, 704 S.W.2d 41, 42 (Tex. Crim. App.
1986)). The purpose of an enhancement allegation is to provide the accused with
notice of the prior conviction upon which the State relies so that he can find the
record of the prior conviction and prepare for trial. Id. (citing Bevins v. State, 422
S.W.2d 180, 181 (Tex. Crim. App. 1967)). 

 In the first enhancement paragraph, the State alleged, "Before the commission
of [the instant offense], on March 11, 1998, in Cause No. 689251, in the 184th
District Court of Harris County, Texas, [appellant] was convicted of the felony of
aggravated robbery." At trial, the State introduced the jail card with appellant's
fingerprints as well as the judgment and sentence for cause number 689251. This
evidence showed that appellant was convicted of the crime alleged, in the court
alleged, on the date alleged, but in 1996, not 1998. Thus, there was a variance
between the proof at trial and the allegations of the first enhancement paragraph. See
Chavis, 177 S.W.3d at 311 (citing Gollihar, 46 S.W.3d at 246).

 This variance, however, is not material. Appellant did not object to the trial
court that his rights were prejudiced, nor does he assert prejudice in this appeal.
Appellant does not contend that he was not provided adequate notice of the prior
conviction that the State sought to use to enhance his punishment. The first
enhancement paragraph correctly identified the court, the county, the charge, and the
cause number. Further, the day--March 11--was correct; only the year was
incorrect. With this information, appellant could have found the record of the prior
conviction and prepared for trial. Thus, we conclude that the notice to appellant was
sufficient, and the variance was not material or fatal. See Hollins v. State, 571
S.W.2d 873, 876 (Tex. Crim. App. 1978) (holding that, although courts were not
named, allegations that all convictions occurred in Harris County and that each felony
offense was committed after final conviction in preceding case was sufficient); Arce
v. State, 552 S.W.2d 163, 164 (Tex. Crim. App. 1977) (holding that enhancement
paragraph was sufficient notice to enable accused to locate prior felony convictions
alleged, when State alleged cause number, county, and date, but omitted designation
of court).

 We overrule appellant's second issue.





Conclusion

 We affirm the trial court's judgment.




 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Do not publish. Tex. R. App. P. 47.2(b).