**Reverse and Remand in part; Affirm in part; Opinion Filed November 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01324-CR

**RONNIE BANNISTER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 29736-86**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

Bannister pleaded guilty to four offenses, including evading arrest with a vehicle (Count 3) and theft less than $1,500 with two prior theft convictions (Count 4). The trial court found the two enhancement paragraphs true and sentenced Bannister to fifty years' imprisonment. In two issues, Bannister argues the trial court improperly sentenced him on Counts 3 and 4 and the trial court erred by allowing the State to amend the indictment after trial began. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We reverse the trial court's judgments as to punishment on Counts 3 and 4 and remand those counts for new sentencing proceedings.

In his first issue, Bannister argues he was improperly sentenced on the convictions for evading arrest with a motor vehicle and theft under $1,500 with two prior theft convictions because the applicable punishment range is two to twenty years' imprisonment and the trial court sentenced him to fifty years for each offense. The State agrees. Evading arrest is a state jail felony if the actor uses a vehicle while in flight. TEXAS PENAL CODE ANN. § 38.04(b)(1)(B) (West Supp. 2013). Theft also is a state jail felony if the value of the property is less than $1,500 and the defendant has been previously convicted two or more times of theft. *Id.* § 31.03(e)(4)(D). Because Bannister committed a state jail felony and he had previously been convicted of two felonies, the defendant "shall be punished for a felony of the second degree." *Id.* § 12.425. The punishment range for a second-degree felony is two to twenty years' imprisonment and an optional fine of up to $10,000. *Id.* § 12.33 (West 2011).

The Texas Court of Criminal Appeals has consistently held that a sentence outside the proscribed punishment range is void and illegal. *See Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). An illegal sentence has no legal effect. *Id.* A defendant has an "absolute and nonwaiveable right to be sentenced within the proper range of punishment." *Speth v. State,* 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999). Because the fifty-year sentence is outside the proscribed punishment range and is therefore void, we sustain Bannister's first issue and reverse the trial court's judgment as to punishment on Counts 3 and 4 and remand for re-sentencing on both counts.

In his second issue, Bannister argues the trial court erred by allowing the State to amend the enhancement paragraph after the trial commenced. The State amended the enhancement paragraph by striking the name of the court in which the offense occurred; the State struck the words "183rd Judicial District Court of." Bannister asserts this act violates TEX. CODE. CRIM. PROC. ANN. art. 28.10(b), which provides: "A matter of form or substance in an indictment or

information may also be amended after the trial on the merits commences if the defendant does not object." (West 2006). The State disagrees asserting that the language is mere surplusage and its deletion does not constitute an amendment under article 28.10.

"Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument." *See Eastep v. State,* 941 S.W.2d 130, 134 (Tex. Crim. App. 1997). Deletion of surplusage does not constitute an amendment of the indictment; such a change is merely an abandonment, which does not implicate article 28.10. *Hall v. State*, 62 S.W.3d 918, 919 (Tex. App.—Dallas 2001, pet. ref'd). Because it is not necessary to allege enhancement convictions with the same particularity as a charged offense, language identifying the particular court of a defendant's previous conviction is surplusage. *See Chavis v. State,* 177 S.W.3d 308, 311–12 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). The State may abandon surplusage language if the indictment provides adequate notice of the previous conviction that is being alleged. *See id.* at 312.

The language identifying the court for the prior conviction was surplusage, and the State could properly abandon that language after the trial commenced. *See* TEX. CODE CRIM. PROC. art. 28.10; *Eastep,* 941 S.W.2d at 135. We overrule Bannister's second issue.

We reverse the judgment of the trial court as to punishment on Counts 3 and 4 and remand for re-sentencing on both counts.

/Jim Moseley/
———————————————
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121324F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONNIE BANNISTER, Appellant

No. 05-12-01324-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th District Court, Kaufman County, Texas
Trial Court Cause No. 29736-86.
Opinion delivered by Justice Moseley.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date:

The judgment of the trial court as to Count 3, evading arrest with a vehicle, is **REVERSED** and the cause **REMANDED** for re-sentencing on Count 3.

The judgment of the trial court as to Count 4, theft of less than $1,500 with two prior convictions, is **REVERSED** and the cause **REMANDED** for a re-sentencing on Count 4.

In all other respects, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of November, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE