ACCEPTED
06-14-00050-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/21/2015 11:38:38 AM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

1/22/2015 11:38:38 AM

DEBBIE AUTREY
Clerk

**CHAD RAY BENNETT**
APPELLANT

§
§
v. § **No. 06-14-00050-CR**
§
**THE STATE OF TEXAS,** §
APPELLEE §

---

## STATE'S BRIEF

---

## ON APPEAL FROM THE 354th DISTRICT COURT
## HUNT COUNTY, TEXAS

TRIAL COURT CAUSE NUMBER 29,345
THE HONORABLE RICHARD A. BEACOM, JR., JUDGE PRESIDING

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

**STEVEN LILLEY**
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX      75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24046293

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ i

INDEX OF AUTHORITIES ................................................................................... ii

SUMMARY OF THE STATE'S ARGUMENT ...................................................... 2

STATE'S RESPONSE TO POINT OF ERROR NUMBER ONE ......................... 4

STATE'S RESPONSE TO POINT OF ERROR NUMBER TWO ......................... 8

PRAYER ............................................................................................................ 13

CERTIFICATE OF SERVICE ............................................................................ 13

CERTIFICATE OF COMPLIANCE ................................................................... 14

# INDEX OF AUTHORITIES

CASES
*Federal Cases*
Jackson v. Virginia, 443 U.S. 307 (1979)............................................................4


*Texas Court of Criminal Appeals Cases*
Chambers v. State, 805 S.W.2d 459 (Tex. Crim. App. 1991).............................4
Coleman v. State, 577, S.W.2d 486 (Tex. Crim. App. 1979).............................9
Ex Parte Murchison, 560 S.W.2d 654 (Tex. Crim. App. 1978)........................11
Poindexter v. State, 153 S.W.3d 402 (Tex. Crim. App. 2005).........................7-8
Williams v. State, 235 S.W.3d 742 (Tex. Crim. App. 2007)..............................4
Williams v. State, 688 S.W.2d 486 (Tex. Crim. App. 1985)..............................5


*Texas Courts of Appeals Cases*
Chavis v. State, 177 S.W.3d 308
    (Tex. App.-Houston [1st Dist. 2005, pet. ref'd)......................................12
Derichsweiler v. State, 359 S.W.3d 342
    (Tex. App.-Fort Worth 2012, pet. ref'd).................................................9-10
Huntley v. State, 4 S.W.3d 813
    (Tex. App.-Houston [1st. Dist.] 1999, pet. ref'd.)......................................5


STATUES
Texas Penal Code §12.425..................................................................9, 12

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

**CHAD RAY BENNETT**
      APPELLANT        §
                       §
      v.               §      **Nos.     06-14-00050-CR**
                       §
**THE STATE OF TEXAS,**       §
                       §

_____

## STATE'S BRIEF
_____

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the STATE OF TEXAS, Appellee, in this appeal from Cause No.

29,345 in the 354th Judicial District Court in and for Hunt County, Texas,

Honorable Judge Richard A. Beacom, Jr., Presiding, now before the Sixth District

Court of Appeals, and respectfully submits this its brief to the Sixth District Court

of Appeals in support of the judgment of conviction and sentence in the court

below.

## SUMMARY OF ARGUMENT

In his first point of error, Appellant complains that the evidence produced at trial is legally insufficient to show that Appellant acted with an intent to defraud or harm another in his act of forgery. Therefore, his conviction should be reversed.

The jury heard testimony and received evidence that Appellant entered Tim Drake Jewelers intent on buying several pieces of jewelry. When two other forms of payment did not work, Appellant offered to pay with a "company check." The checking account associated with that check had been closed for over two years. Sgt. Walden of the Greenville Police Department determined that the company, SAT Enterprises, Inc., had no working phone number and the address on the check was incorrect or did not exist. Upon his arrest, Appellant did not claim to be an employee of SAT Enterprises, instead informing jail staff that he was not currently employed. Appellant's girlfriend, Alicia Tillery, surrendered one of the rings obtained from Tim Drake Jewelers when asked by Sgt. Walden if she could possibly have any stolen property in her possession. During testimony, Ms. Tillery stated that Appellant did not to her knowledge work for SAT Enterprises, Inc. and did not have the power to write checks for the company.

The jury heard ample evidence that the check Appellant produced to pay for the jewelry was likely not from an actual legitimate company and even if it was, Appellant did not work for the company and did not have the power to write checks on thief behalf. Therefore, the jury rationally believed that in writing the check, Appellant's intent was to get out of the jewelry story without having to pay

2

for the items he received, thereby defrauding Brandy Reynolds, and Tim Drake Jewelers.

In his second point of error, Appellant claims his punishment range was improperly enhanced from a state jail range to a second degree range. The enhancement paragraphs in the indictment are meant to serve notice upon a defendant that the State intends to use specific prior convictions against him to increase his punishment range. The enhancement paragraphs in Appellant's indictment accomplished this purpose. Furthermore, the evidence produced during the punishment proceeding were sufficient to satisfy the requirements of the statute authorizing the enhancement of a state jail conviction to the second degree range. Namely, that the Appellant had two non state jail felony convictions that were final convictions and the offense date of the second conviction came after the first conviction became final.

Because the evidence at trial was sufficient to enhance Appellant's punishment range, the court committed no error in finding the enhancement paragraphs "True."

## STATE'S RESPONSE TO POINT OF ERROR ONE

### THE EVIDENCE PRODUCED AT TRIAL IS LEGALLY SUFFICIENT TO CONVICT APPELLANT OF THE OFFENSE OF FORGERY

#### Applicable Law and Standard of Review

The first point of error before the court is whether the evidence produced at trial against Appellant was legally sufficient to support a finding that his intent in passing the forged check was to defraud or harm another.

The legal standard by which an appellate court examines a legal sufficiency review is well settled and will not be restated at length here. Simply put, "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This must include a review of the entirety of the evidence. Chambers v. State, 805 S.W.2d 459, 460 (Tex. Crim. App. 1991).

The reviewing court must not substitute its own judgment for that of the jury, instead, the court must defer to the fact finder's duty to weigh the evidence, resolve conflicts in testimony and to draw reasonable inferences from the facts presented at trial. *See* Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); Jackson v. Virginia, 443 U.S. 307, 219 (1979).

In the indictment, Appellant was charged as follows: "with intent to defraud or harm another, [Appellant] did then and there pass to Brandy Reynolds, an

4

employee acting on behalf of TIM DRAKE JEWELERS, a forged writing, knowing such writing to be forged, and such writing had been so made, completed, or executed that it purported to be the act of SAT ENTERPRISES, INC., who did not authorize the act and said writing was of the following tenor..."

## Argument

Appellant alleges that the evidence at trial could lead to only a suspicion or speculation on the part of the jury that Appellant had a conscious objective or desire to defraud or harm another by the passing of the forged check. Therefore, he argues, there is legally insufficient evidence to support his conviction for forgery. A defendant's subjective intent to harm or defraud another may be proved entirely by circumstantial evidence. Williams v. State, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985). In addition, if the State is able to prove that a defendant had knowledge that a particular writing was forged, intent to harm or defraud may be inferred. Huntley v. State, 4 S.W.3d 813, 814 (Tex. App.-Houston [1st. Dist.] 1999, pet. ref'd.) citing Williams 688 S.W.2d at 488.

In his brief, Appellant points to only one piece of evidence or testimony consistent with the conviction. Namely, that the check written and passed by Appellant was on an account which "was closed." He complains that this piece leads to only a suspicion of an intent to defraud. Appellant's brief at page 13. However, the evidence against the Appellant consisted of a great deal more than that.

5

Appellant produced the "company check" of SAT Enterprises, Inc. only after two other forms of attempted payment were refused. Appellant was denied an attempt by Brandy Reynolds to use a credit card of an individual who was not present, and then attempted to use another card which was declined. Reporter's Record (RR) Vol. 6 pp. 17-18. The account at Bank of America associated with the checking account number on the forged check had been closed for over two years. RR Vol. 6 pp. 38-39. The jury could justifiably see this long gap as making it less likely that Appellant made an innocent mistake in using a check on a recently closed account. Appellant later made a spontaneous res gestae statement to Sgt. Steve Walden claiming that he paid cash for the rings and watch he purchased from Tim Drake Jewelers with the forged check. RR Vol. 6 p. 55. This lie could certainly be seen by the jury as evidence that Appellant knew the check was illegitimate when he used it and needed to claim some other form of payment to avoid criminal liability.

When he was booked in to the jail, Appellant did not claim to be an employee of SAT Enterprises, Inc., he instead left the question of his current employment blank. RR Vol. 6 pp. 64-65. The jury could rationally infer, as Sgt. Walden did, that Appellant therefore had no current employment and claiming he was using a "company check" at Tim Drake Jewelers was a lie in order to defraud Tim Drake Jewelers of several pieces of jewelry. Further investigation by Sgt. Walden indicated that there was no working phone number for SAT Enterprises, Inc. and the street address for the business on the check was not a

6

recognized street address in the city of Dallas, Texas. RR Vol. 6 p. 66. Sgt. Walden concluded after his investigation that SAT Enterprises was not an operating business. Id. With passing a "company check" without a company, the jury could certainly have concluded that Appellant never worked for "SAT Enterprises, Inc." and it is likely the company never existed at all.

Appellant's own girlfriend and sole witness also provided evidence consistent with the conviction. When confronted by Sgt. Walden about whether she might be in possession of any possibly stolen property, Ms. Alicia Tillery silently removed a ring she was wearing, the same ring Appellant purchased from Tim Drake Jewelers. RR Vol. 6 p. 57. During cross examination, Ms. Tillery acknowledged that Appellant was not an employee of SAT Enterprises, Inc., and did not, to her knowledge, have the power to sign checks on their behalf. RR. Vol. 6 p. 92.

It is true that during direct examination, Ms. Tillery provided a story of how Appellant came in possession of the check from SAT Enterprises. Such story, if true, would likely have negated Appellant's intent to defraud by using the check. However, the story, that Appellant was paid as a contact day laborer by a man named Craig by giving Appellant a blank check and told not to make it out for more than $500, is so far fetched that the jury no doubt regarded it as non sense and chose not to believe it. A jury is the sole arbiter of the credibility of witnesses and the weight to be given their testimony. Poindexter v. State, 153 S.W.3d 402,

7

406 (Tex. Crim. App. 2005). Just because an alternate theory exists, does not mean it must be believed.

Instead, the jury could have rationally concluded that Appellant somehow obtained the SAT Enterprises check and when his other forms of payment were refused or denied by Brandy Reynolds, he chose to risk the use of the check in order to obtain the property he wanted. Due the fact that the account number on the check had been closed for over two years, and the fact that SAT Enterprises was not a currently operating business, the jury could concluded quite rationally that Appellant knew that that no one from the fictional SAT Enterprises could have authorized the check to be written. The check was therefore forged by Appellant and his intent in using the check was to defraud Brandy Reynolds and Tim Drake Jewelers and obtain the two rings and a watch without the need to actually pay for them.

**STATE'S RESPONSE TO POINT OF ERROR NUMBER 2**

THE EVIDENCE WAS SUFFICIENT TO SUPPORT A FINDING OF TRUE BY THE TRIAL JUDGE ON THE TWO ENHANCEMENT PARAGRAPHS IN THE INDICTMENT

In his second point of error, Appellant complains that the evidence was insufficient to support the trial court's finding of "True" on the enhancement paragraphs found in the indictment. Because the paragraphs should not have

8

been found "True," Appellant claims an improper punishment range was used and he is therefore entitled to a new punishment hearing.

The statute authorizing the enhancement of state jail felonies up to the second degree felony punishment range is found in Texas Penal Code §12.425; "[if is shown on the trial of a state jail felony punishable under Section 12.35(a) that a defendant has previously been finally convicted of two felonies others than a state jail punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree."

Appellant first complains that because the paragraphs alleging Appellant's prior convictions do not allege specifically that the conviction in the second paragraph was committed subsequently to the conviction in the first paragraph becoming final, a finding of true cannot support an enhancement. The Courts of Appeals however have made very clear that the allegations in an enhancement paragraph are meant to serve notice upon a defendant that the State intends to use his prior convictions to increase his punishment range. Derichsweiler v. State, 359 S.W.3d 342, 349 (Tex. App.-Fort Worth 2012, pet. ref'd) *quoting* Coleman v. State, 577, S.W.2d 486, 488 (Tex. Crim. App. 1979). Because they are meant to serve notice, enhancement paragraphs do not require the specificity of the general charging language in an indictment. Specifically, the enhancement paragraphs do not need to allege the specific date that a

9

conviction became final nor allege the sequence of convictions. Derichsweiler at 349. Because the enhancement paragraphs gave notice to the defendant of his prior conviction, the cause number, the date of conviction and the county and state of conviction, Appellant had ample notice of the prior convictions the State intended to utilize.

In addition, Appellant claims that the evidence produced during the punishment proceeding was insufficient to support the court's finding of "True" to the enhancement paragraphs. The sufficiency of evidence of prior enhancements should be measured against a hypothetically correct jury charge. Id. There was no jury charge used in the punishment stage in this case as Appellant elected to have the court determine his punishment. A hypothetically correct jury charge, if one were used, would have to track the statute authorizing the enhancement of Appellant's punishment range. By comparing the proof at trial with the statute, this court will find that the required proof was met thereby properly enhancing Appellant's punishment range.

The first enhancement paragraph alleges that Appellant was convicted on the 30th day of May, 1997 in cause number F9621781JU in the 291st District Court of Dallas County, Texas for the offense of Burglary of a Habitation. During the punishment proceeding, State's Exhibit 14, a penitentiary packet, was introduced without objection. Contained in State's Exhibit 14 is the Judgment on Plea of Guilty in Cause No. F-9621781-JU. In addition to comporting with the details alleged in first enhancement paragraph, the judgment states upon its face

10

that it is a second degree felony, the offense date was 12/29/1995 and the date the sentenced was imposed was 5/30/1997. A conviction is a not a final conviction if the imposition of sentence is suspended and the defendant is placed on probation. Ex Parte Murchison, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). The judgment in this case does not state that the defendant was placed on probation. Instead, the defendant was sentence to confinement in the Texas Department of Justice which was to commence on the date of the judgment. The judgment was therefore a final one.

In enhancement paragraph two, the State alleged that the defendant was convicted on the 10th day of May, 2007 in cause number F0739864I in the Criminal District Court No. 2 of Dallas County for the offense of Burglary of a Habitation. State's exhibit 12, introduced during the punishment proceeding without objection, contains the judgment of conviction in Cause No. F-0739864-I. In addition to comporting with the details alleged in the second enhancement paragraph, the judgment states on its face that the offense was a second degree felony, that the date of offense was 2/18/2007 and the date of judgment was 4/10/2007. While it is true that there is a variance between the date of conviction alleged in the enhancement and the date of conviction in the judgment (the enhancement allegation alleges May while the judgment states the month of conviction as April), such a minor variance is small, would not have prevented Appellant from obtaining information about the prior judgment, and should

11

therefore be found immaterial.  Chavis v. State, 177 S.W.3d 308, 312 (Tex. App.-Houston [1st Dist. 2005, pet. ref'd).

The Court can examine the two judgments admitted into evidence and determine whether the requisites of Penal Code §12.425 have been met.  First, both convictions are for felonies that are not state jail felonies.  Secondly, the first conviction in Cause No. F-9621781-JU became final the date the sentenced was imposed on May 30th, 1997.  Third, the second conviction was for an offense that occurred on February 18th, 2007, which was after the conviction in the first cause became final on May 30th, 1997  Lastly, the conviction for the second offense became final on April 10th, 2007.

Because the evidence produced in State's Exhibit 12 and 13 during the punishment phase of the trial contained evidence sufficient to satisfy the requirements of the enhancement statute, this Court should find that the trial court's finding of "True" is supported by the evidence and the law and therefore overrule Appellant's second point of error.

12

# PRAYER

Appellant's trial was without prejudicial or fundamental error. The State prays that Appellant's conviction and sentence be affirmed.

Respectfully submitted,

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

**STEVEN LILLEY**
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
State Bar No. 24046293
(903) 408-4180
FAX (903) 408-4296

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been placed in the box of Jason Duff, Appellant's attorney, in the Hunt County District Clerk's office, today January 21, 2015, pursuant to local rules.

STEVE LILLEY
Assistant District Attorney

13

## CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney of record certifies that Appellee's Brief contains 13-point typeface of the body of the brief, 2,655 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2007.

Steven Lilley
Attorney for the State