# NO. 12-19-00288-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *COLBY GRAY VIERS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury found Colby Gray Viers guilty of felony driving while intoxicated and assessed his punishment at imprisonment for seven years. In the first of two issues, Appellant contends that the trial court erred in permitting the State to amend the indictment after trial commenced. In his second issue, he contends that the evidence is insufficient to sustain the verdict. We affirm.

### BACKGROUND

Officer Michael Skinner of the Bullard Police Department stopped a vehicle driven by Appellant for driving forty-nine miles per hour in a forty miles per hour zone, failing to dim his high beam headlights while passing, and swerving over the center line of the highway into the lane of oncoming traffic. The vehicle contained two passengers.

Upon approaching the vehicle, Officer Skinner noticed an open container of beer on the floorboard behind the driver's seat. Appellant could not produce a driver's license. Officer Skinner smelled a strong alcoholic beverage odor as he spoke to Appellant. He also observed Appellant's slurred speech and bloodshot eyes. Appellant failed all three of the standardized field sobriety tests given by Officer Skinner.

When stopped, Appellant told Officer Skinner he consumed a couple of beers. Appellant attributed his inability to perform one of the field sobriety tests to a serious leg injury as a child. But he also acknowledged that he probably should not be driving. He refused to give a breath sample. Officer Skinner arrested Appellant for driving while intoxicated. A search of Appellant's vehicle revealed a second open container of beer and two used syringes, one of them under the driver's seat.

Officer Skinner testified that at the jail, he noticed a change in Appellant's demeanor. Appellant resisted the officers and nursing staff when they attempted to draw a blood sample pursuant to a warrant. The nurse noticed needle tracks on his arms. She was unable to draw any blood because the veins had collapsed, apparently from intravenous drug use. Appellant admitted to injecting "speed balls," a combination of cocaine and heroin, but claimed to have done so only once in the last previous months.

## AMENDMENT OF INDICTMENT

In his first issue, Appellant complains that the trial court erred in permitting an amendment of the indictment after the trial's commencement.

### Standard of Review and Applicable Law

"The sufficiency of a charging instrument presents a question of law," and the trial court's decision to allow the amendment of the indictment on the State's motion is thus reviewed de novo. *See Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010).

"The practice and procedures relating to the use of indictments and informations, including their contents, amendments, sufficiency, and requisites, are as provided by law." TEX. CONST. art. V § 12(b). "[R]equirements of an indictment are not mandated by the constitution, but rather only by statute." *Studer v. State*, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990).

"All amendments of an indictment or information shall be made with the leave of the court and under its direction." TEX. CODE CRIM. PROC. ANN. Art. 28.11 (West 2006). Article 28.10 of the Code of Criminal Procedure provides in pertinent part, as follows:

a. After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date that trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less that 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

    b.   A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

*Id*. art. 28.10 (West 2006).

      "An amendment is an alteration to the face of the charging instrument which affects the substance of the charging instrument." ***Eastep v. State***, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds by **Riney v. State***, 28 s.W.3d 561 (Tex. Crim. App. 2000). In ***Eastep***, the court of criminal appeals recognized three situations where the alteration of the charging instrument constitutes an abandonment rather than an amendment: (1) abandonment of one or more alternative ways or means of committing an offense, (2) abandonment of an allegation if the effect is to reduce the prosecution to a lesser included offense, and (3) abandonment of surplusage, that is, language not legally essential to constitute the offense alleged. Id. at 135. Abandonments do not invoke the requirements of Articles 28.10 and 28.11 of the code of criminal procedure. ***Id***.; *see also **Chavis v. State***, 177 S.W.3d 308, 311 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

## Discussion

      In the original indictment, the State alleged that, at the time in question, Appellant was intoxicated under either of the two definitions of intoxication contained in Section 49.01(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 49.01(2) (West 2011). In its motion, the State sought to delete the accusation that Appellant was intoxicated by reason of "having an alcohol concentration of 0.08 or more." *Id*. § 49.01(2)(B). Appellant's counsel stated, "no objections." The court granted the motion, and the indictment was physically altered to strike out the second paragraph of the indictment alleging appellant's blood alcohol content was 0.08 or more.

      On appeal, Appellant argues that the amendment of the indictment after trial effectively charged an additional or different offense. The State argues that the deletion of an alternative means of proof of intoxication is analogous to the deletion of an alternative manner and means of committing the offense alleged. We agree with the State. The alteration of the indictment did not charge an additional offense, but deleted one of the means of proving the same offense. Therefore, the deletion of the second paragraph alleging that Appellant had an alcohol concentration of 0.08 or more was not an amendment but an abandonment. *See **Eastep***, 941

S.W.2d at 135. Abandonments, as opposed to amendments, do not invoke the requirements of Articles 28.10 and 28.11. *Id*.

Moreover, even if we assume that the deletion of the per se definition of intoxication from the indictment constituted an amendment, Appellant failed to preserve error, if any. On the day the trial began and before the jury had been sworn, the State moved to abandon the second paragraph of the indictment. Appellant stated, no objection to the change. The trial court granted the State's motion. Both the Appellant's counsel and the prosecutor initialed the changes on the face of the indictment. Assuming, for the sake of argument, that the trial court erred in allowing the change, Appellant waived such error by stating "no objection" to the deletion. TEX. CODE CRIM. PROC. ANN. Art. 28.10(b) (West 2019); *State v. Murk*, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991); *Tyson v. State*, 172 S.W.3d 172, 175 (Tex. App.—Fort Worth 2005, pet. ref'd).

Appellant's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant challenges the sufficiency of the evidence to support the jury's verdict.

## Standard of Review and Applicable Law

In his second issue, Appellant challenges the sufficiency of the evidence to support the jury's verdict.

An appellate court reviews a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The *Jackson* standard requires the reviewing court to review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, and the reconciliation of conflicts in the evidence. *Whitaker v. State*, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998). "When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

4

The elements of the offense of driving while intoxicated are (a) a person (b) is intoxicated (c) while operating (d) a motor vehicle (e) in a public place. TEX. PENAL CODE ANN. § 49.04 (West Supp. 2019); *Gray v. State*, 152 S.W.3d 125, 131 (Tex. Crim. App. 2004).

Intoxication may be proven in either of two ways: (1) the loss of the normal use of mental or physical faculties through the introduction of alcohol, drugs, or other substances into the body (impairment method), or (2) an alcohol concentration of 0.08 or more (per se method). *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010); TEX. PENAL CODE ANN. § 49.01(2)(A). Evidence that the defendant was intoxicated at the time he was driving includes erratic driving, post driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or to follow instructions, bloodshot eyes, any admissions by the defendant concerning what, when, or how much he had been drinking; in short, any and all the usual indicia of intoxication. *Kirsch*, 306 S.W.3d at 745. A defendant's refusal to give blood or breath specimen is admissible at trial and probative of his intoxication. *See Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008); TEX. TRANSP. CODE ANN. § 724.061 (West 2011).

## Discussion

Officer Skinner had ten years' experience as a peace officer at the time of Appellant's arrest, much of that time spent on patrol. He testified that based on his observations, Appellant was intoxicated while driving his vehicle. This testimony alone, considered in the light most favorable to the verdict, was sufficient to establish Appellant's intoxication.

Officer Skinner testified that Appellant was speeding and swerved his vehicle into the oncoming lane of traffic. When he approached Appellant, he noticed a strong odor of an alcoholic beverage about Appellant. Appellant's eyes were bloodshot, his speech was slurred and he swayed while standing. He had difficulty following Officer Skinner's instructions, and he failed all three field sobriety tests. Appellant refused to give a breath specimen, and fought the medical technicians attempting to draw a blood sample pursuant to a warrant. The evidence was more than sufficient to prove Appellant's intoxication and support the jury's verdict. Viewing the evidence in the light most favorable to the State, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed the offense of driving while intoxicated. Appellant's second issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

**NO. 12-19-00288-CR**

**COLBY GRAY VIERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0457-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*